In the Matter of JOHN E. GROOM, JR., an Infant.

County Court, Yates County, November 1, 1952.

*James A. Townsend* for John E. Groom, as guardian ad litem of John E. Groom, Jr., an infant, petitioner.

McCANN, J. This is an application by John E. Groom, parent and guardian ad litem for John E. Groom, Jr., an infant, to withdraw funds of said infant for his use and benefit.

The items for which application is now made are set forth in the petition as follows: '' That said John E. Groom, Jr. has made plans to become married on or about November 7, 1952 and prior to such marriage he wishes to withdraw sufficient sums from the aforesaid bank account to enable him to pay bills that he has accumulated and still have a little extra money on hand. That the bills are as follows: ·

| | |
|---|---:|
| To Personal Finance Co. | $250.00 |
| To Ervie Groom-work on car | 75.00 |
| To Tyler & Wyman-work on car | 35.00 |
| To Race Garage-work on car | 25.00 |
| To Citizens Bank-note about | 70.00 |
| Miscellaneous small bills | 50.00 |
| | |
| Making a total of | $505.00 |

That deponent and his wife are giving their consent to such marriage and deponent feels that it is proper for his said son to withdraw such moneys for the reason that he feels his son is old enough to assume responsibilities and to know what is best for him and for the further reason that his son may in a not too distant future be called into military service and for that latter reason should be enabled to live the kind of life he wants to in the meantime."

Rule 293 of the Rules of Civil Practice provides that a petition for the application of an infant's property or any portion thereof for the infant's *support, maintenance and education* shall set forth certain things which are named in detail. This petition seems to comply, except it does not seem to come within the purposes enumerated by rule 293, i.e., for the support, maintenance and education of the child.

In my search for some well defined and clear cut expression of the purpose for which the expenditure might be justified I came across the case of *De Marco* v. *Seaman* (157 Misc. 390) in which Supreme Court Justice CUFF in his able opinion clearly stated and covered this matter. In substance the headnote had this to say: '' The damages granted an infant to compensate him for the pain, suffering and incapacity resulting from a personal injury and required by law to be deposited [in a bank], subject to order of the Supreme Court, until delivery to him on the attainment of his majority, should be considered as a fund in substitution for the infirmity caused by the injury. The duty of protecting these funds, properly assumed by the Supreme Court as an inherent right, should be scrupulously discharged in view of the fact that in applications for withdrawal, the infant, except in a purely formal sense, is unrepresented and has no right of appeal. The award to the infant is made for his special benefit and, in view of the parent's obligation to support his children, money should not be withdrawn from such funds even for the infant's necessaries. The only purposes for which this money may be used and which do no violence to the

reason for which the funds were created are the provisions for the higher education of the infant, thereby enabling him to cope with the conditions arising from his infirmity, and the furnishing of such unusual medical or surgical treatment as may be required, including treatment of the teeth or eyes, if essential for his future welfare. Even such withdrawals should be made only on clear proof of parental inability to make the monetary outlay. Expenditures for further treatment of the injury are within the scope of the jury's award. And even for these limited purposes the money should not be given out in round sums to the guardian *ad litem*, or the parent, but the necessary expenditure should be made under the supervision and order of the Supreme Court ''. With all of which I am in complete accord.

I view with mixed emotions the request for funds for the impending marriage of the infant and from observing youth for more than a decade I realize the futility of trying to dissuade an infant from plunging into the sea of matrimony. However in order that the bridegroom may be adequately clothed for the occasion, permission is hereby granted to the guardian ad litem and joint custodian of the fund of the infant to expend a sum not in excess of $100 upon the presentation to them of a properly itemized bill or bills for such items. The attorney for the petitioner is hereby granted the sum of $15 for his services, otherwise said application is denied.