Matthew M. Levy, J.
So many inappropriate applications are presented to the court from time to time for the withdrawal of infants’ funds recovered in personal injury cases, and now held in custodia legis (Civ. Prae. Act, § 980-a), that I am impelled to make some observations which may perhaps be a helpful guide to the bar when such requests are made to me in the future.
*220 Applications for withdrawal should not he encouraged, and will not he granted pro forma or as a matter of routine. (For suggested data to be presented, see “Facts Justifying the Withdrawal of Infants’ Funds Resulting from Injuries to the Infant ”, by Judge William J. Mobris, Jr., N. Y. L. J., May 25, 1954, p. 4, col. 3.) The moneys held in the infant’s name as the proceeds of the negligence action are intended to be kept for him, and should be maintained intact for him until he reaches majority. As a ward of the court, a minor is entitled to receive from the court all available and necessary protection in the preservation of the fund. “ This court is the guardian of that child’s funds and when the child reaches twenty-one, he has a right to expect to receive the money awarded to him for his injury with interest and not a bundle of court orders showing that his funds were spent for ordinary necessities of life which others were obligated by law to furnish to him ” (Gaffney v. Constantine, 87 N. Y. S. 2d 131, 132, Cuff, J.). When the exigencies of the situation do require withdrawal during infancy (and permission will, I emphasize, not be obtained for the mere asking), the moneys are not to be squandered to satisfy luxury whims, but are to be expended when received for the seriously necessitous use of the infant, and the infant alone — for his personal support, maintenance, medical care and education (Rules Civ. Prac., rule 293).
A fortiori, the infant’s funds are not ordinarily to be withdrawn to meet the claimed needs of the family (De Marco v. Seaman, 157 Misc. 391, 394). It is the primary duty of the parent to support a child of tender years (Laumeier v. Laumeier, 237 N. Y. 357), not that of the child to maintain his parent (Edwards v. Davis, 16 Johns. 281; Herendeen v. De Witt, 49 Hun 53). If an infant have independent means or income, and a close member of his family be in financial need, it is quite appropriate that the minor voluntarily utilize his resources to some extent in aid of the economic maintenance of his unfortunate relative. Indeed, moral responsibility may well have merged with public interest in legislatively effectuating a legal duty upon the infant in certain circumstances (Social Welfare Law, § 101; Surrogate’s Ct. Act, § 194) before even communal responsibility may be called into play.
But it is not the function or obligation of an eight-year-old child to support her mother, father, sisters and brothers, when (as in the case at bar) the child’s sole assets consist of a recovery in a lawsuit for serious personal injuries occasioned her by the fault of another. I can not permit my personal sympathy for the *221 plight of this family to becloud my judicial responsibility to protect and preserve the child’s fund. The parental duty of support of the family, and even the communal responsibility in the sense of public welfare, should not be permitted to be shifted to this infant because, fortuitously, she was gravely physically injured and was successful in now having on hand what the family might consider a financial windfall (cf. Matter of Salm. 282 N. Y. 765).
The application of the mother for the withdrawal of certain funds for family use is denied. The proposed order is signed, but I have granted a reduced sum and directed that it be expended for the sole use and benefit of the infant, and that within three months from the date of this order the guardian file an affidavit with vouchers setting forth the disbursements made.