Irving H/ Saypol, J.
The petitioner Joseph Zambrana submits an ex parte order to be allowed the sum of $367.50 ‘ ‘ for the payment of expenses incurred and to be incurred on behalf of said infant Joseph Milton Zambrana and for attorney’s fees * * ■* to be expended from the moneys now on deposit with the treasurer of the City of New York ”. It is a resubmission of a similar order recently denied by me, and as to that, it is now *554 urged that on three occasions identical petitions were favorably entertained by other named justices. A fee of $20 is sought for the petitioner’s attorney.
It is shown that in March, 1948, judgment was entered in a negligence action in behalf of the infant for $45,000 and thereafter his share of $29,000 was deposited with the city treasurer. The indicated present balance to his credit is $29,933.11.
The petitioner is the father of the infant, a student who will be 20 years old next month. The father is a barber, he says his income is $60 to $70 weekly, and has no other income or property. He pays $78.20 monthly for rent and the family includes his wife and three other minor children. The allowance which is requested is for the support and maintenance of the infant to cover a proportion of the rent, gas, electricity and telephone; 16 meals a week (the infant has five luncheons in school which are provided for) and his share of the laundry bill. These items aggregate $17.50 per week and are said to amount to $367.50 for the next five months. In the first petition 13 withdrawals wese set forth; in this petition 14 such are listed between September, 1948 and December, 1955.
The following is the chronological record of withdrawals from the files of the court:
10-15-48
$731.85
1-17-50
261.68
6-19-51
210.00
1- 14-52
298.56
4- 7-52
315.00
9-11-52
743.90
6- 26-53
500.00
4r- 8-54
491.60
7- 30-54
425.00
12-28-54
500.00
2- 18-55
315.00
6-17-55
402.50
8- 25-55
494.50
10-24-55
439.50
12-16-55
490.00
$6,619.09
The grant of an order of this kind (Rules Civ. Prac.j rule 293) of moneys in legal custody (Civ. Prac. Act, § 980-a) requires exercise of the discretionary power of the court. It must mean something more than just giving over the infant’s property, that which constitutes legal replacement for his loss, to the one who in *555 law is responsible for his support. It is undoubtedly true that the subject is viewed in different lights by different judges. But the infant upon reaching maturity has a right to his money. It lias been said, substantially, that a batch of court orders authorizing past withdrawals to defray expenditures for purposes which are the lawful obligations of the parent are an inadequate substitute (Dobriner v. Green, N. Y. L. J., July 27, 1954, p. 2, col. 6; Williams v. Mann, N. Y. L. J., July 27, 1954, p. 2, col. 6; Dean v. Public Service Interstate Transp. Co., N. Y. L. J., July 27, 1954, p. 2, col. 6; Leon v. Walker, 1 Mise 2d 219; Gans v. Epstein, 149 N. Y. S. 2d 80; De Marco v. Seaman, 157 Misc. 390 ; Gaffney v. Constantine, 87 N. Y. S. 2d 131; Matter of Groom, 203 Misc. 574; Morris, Facts Justifying Withdrawal of Infants’ Funds Resulting From Injuries to Infant [Letter to the Editor ], N. Y. L. J., May 25,1954, p. 4, col. 3).
The showing does not warrant the imposition on the infant’s estate of his father’s obligation of support, and the renewed application is denied.