Benjamin Brenner, J.
Petitioner requests leave to withdraw $500 from funds which had been deposited in behalf of her infant son upon settlement of a claim for personal injuries sustained by the infant while he was detained for delinquency in Children’s Village. The withdrawal is sought for the purpose of providing a legal fee for the defense of the infant, 17 years of age and presently charged in the Richmond County Adolescent Court with grand larceny of an automobile. The petitioner is separated from the infant’s father who is unemployed and both she and the infant are on home relief.
The withdrawal of funds pursuant to section 980-a of the Civil Practice Act and rule 293 of the Rules of Civil Practice requires clear proof of the inability of the parents to supply funds needed for the infant’s sole use and benefit in order to equalize or lessen the consequences of the infant’s injuries. (Matter of Groom, 203 Misc. 574; De Marco v. Seaman, 157 Misc. 390; Leon v. Walker, 1 Misc 2d 219.) Withdrawals for ordinary necessities of life, which parents or relief agencies are required to furnish by law, are not proper (Gaffney v. Constantine, 87 N. Y. S. 2d 131). It is thus clear that no withdrawal is justifiable unless it be for an urgent purpose over and above the ordinary necessities of life, helpful to a reduction of the consequences of the injury.
I am of the opinion that a legal fee in defense of a criminal charge against the infant is such an urgent need. If, because of the absence or inadequacy of counsel, the infant were to be unsatisfactorily defended when innocent or excessively punished when guilty, then in a broad sense, the residual handicap remaining from the injury would thereby become compounded.
The court is aware that the objective of the Adolescent Court branch of the New York City Magistrates’ Court is to rehabilitate deserving adolescents who are charged with crime for the first time or who, upon investigation, are believed to have no criminal tendencies. It is common knowledge that the vast majority of such youths given wayward minor treatment and against whom criminal charges are dismissed are, after a period of surveillance and guidance, returned to useful, law-abiding life in the community. The Adolescent Court, aided by welfare agencies and socially minded magistrates and probationary officers, is doing an invaluable public service by pursuing this *1034 forward looking program . despite. increasing demands for .a. ‘‘ hard policy ’ ’ against youths in trouble with the law for the first time.
Yet, the infant in the proceeding before me has a record of delinquency. He may be regarded by the Magistrate .or the District Attorney who will deal with him, as undeserving of wayward minor treatment. He moreover claims to be innocent of the charge and is therefore entitled to contest it at the forthcoming hearing. The situation thus demands that he be vigorously defended. While competent counsel is usually assigned where none appears upon such hearings, regardless of whether the infant’s parents be indigent or not, the fact is that private counsel has been engaged. In view of that fact, and in view of the infant’s available funds, it would seem unfair to foist assigned counsel upon him even though the parents cannot themselves afford the fee demanded by counsel already engaged.
In these circumstances, it would be an improvident exercise of discretion to deny him the right to the' use of his own funds for chosen counsel. Obviously, the preservation of the infant’s liberty against a criminal charge claimed to be unwarranted is of far more fundamental and transcendent importance than is any possible good that may in future be derived from the money to be withdrawn and expended for the purpose aforesaid. The fee requested seems to me to be excessive. The court will allow withdrawal in the sum of $250.
Petition granted and order signed herewith.