William R. Brennan, Jr., J.
Several applications have been presented to this court while the undersigned has been sitting at Special Term requesting leave to withdraw infants’ funds received for the benefit of infants in personal injury cases. The purposes for which withdrawal is requested are many, but seldom are they for the direct benefit of the infants.
It should be noted, as stated in Leon v. Walker (1 Misc 2d 219) that “ applications for withdrawals should not be encouraged, and will not be granted pro forma or as a matter of routine. ’ ’ The matters that should be considered by applicants *16 and then shown in applications for leave to withdraw such judicially guarded funds are fully set forth in De Marco v. Seaman (157 Misc. 390); Leon v. Walker (supra); Matter of Stackpole v. Scott (9 Misc 2d 922) and Zambrana v. Railway Express Agency (11 Misc 2d 553). Attention is particularly called to the summary of applicable principles and to the minimum requirements for a petition in Matter of Stackpole (supra, pp. 924-925).
It is sought to withdraw funds deposited April 15, 1959 following the compromise of the action brought for the infant’s personal injuries. The infant is now 15% years old. The g-uardian ad litem and father is the petitioner who seeks the withdrawal, and he seeks it for the purpose of making payments upon two mortgages on a home occupied by the petitioner, his wife, the infant plaintiff and other infants who are issue of the marriage. The court does not feel that it is the obligation of a 15%-year-old boy to provide a home for his parents and siblings. The parents have a primary duty to support which should not be shifted to the infant. The infant, of course, consents to this use of his funds which are in trust for him until he becomes 21 years of age. His consent is laudable, but hardly to be deemed wise or binding upon the court. As stated in Leon v. Walker (1 Misc 2d 219, 221) “ The parental duty of support of the family, and even the communal responsibility in the sense of public welfare, should not be permitted to be shifted to this infant because, fortuitously, [s]he was gravely physically injured and successful in now having on hand what the family might consider a financial windfall. ’ ’
This application is accordingly denied.