Eupbite P. Sullivan, J.
Pursuant to sections 101 and 104 of the Social Welfare Law, the Director of Public Welfare of Monroe .County Welfare District petitions this court for an order directing that the piother and guardian ad litem of her infant daughter pay from funds of the infant to the Director the sum of $3,514.89 to be applied toward the cost of care and maintenance of the infant and her mother heretofore furnished to them by the Director.
'It appears from the petition that a negligence action was brought on behalf of the infant by her mother, as guardian ad litem, for damages to the infant "fop injuries which the infant suffered as the result of an automobile accident. By an order dated October 4, 1957, a Justice of this court approved a compromise and settlement of the action in the sum of $30,000, and after providing therein for the payment of medical bills and attorney’s fees on behalf of the infant, the Justice ordered that the balance of $24,583.40 be deposited in the name of the infant, by her guardian and mother, in three desigpated Syracuse banks. It further appears that, as of May 1, 1961, there is on deposit, in the three designated banks, a total of $26,423.96.
It is claimed that the infant and her mother received this public assistance between May 1, 1958 through Jnqe 30, 196.L
The petition states that the mother is currently employed and able to provide for herself and the infant, and upon information and belief, that the infant’s father, whose address is unknown, is presently contributing towards the support of his child, the infant, and his wife, the infant’s mother.
By an answering affidavit, wherein she opposes this motion, the mother avers that she had received public assistance from Monroe County for the care and maintenance of herself and her seven children hut that she has recently obtained employment and she presently earns $65 per week. The affidavit further states that the affiant and her children have nq other source of inepme, other than her earnings, and she denies that her husband, the father of thg children, is" contribuitng tpward her support. (His present address is s.et forth in h.er affidavit, and from it, it will he readily understod why he is not contributing.)
*747 It also' appears, from the mother’s affidavit; that thé ihfáht suffers épiléptic seizures Us a result of the injuries she sufferéd from the accident.
Although this court has found cited áuthórities dñ thé propriety of the purposes given to the court upon applications for the Withdrawal of infant’s funds pursuant to section 980-a of the Civil Practicó Act and rule 293 óf the Buies df Civil Practice, it liás not found any reported decision by á court, and hone h'ás been called to its attention, which deals solely with the liabilities of ah iiifánt to reimburse Welfáfe for expenditures for, and the cost of, the care and maintenance óf thé infant df that of á paréht as provided in sections 101 and 104 óf thé Sdeiál Welfare LáW.
The writer is in full áccdrd With thé réásdhiñg, sentiment ahd decision of Mr. Justice Curb ih De Marco v. Seamon (157 Misc. 391). Oh page 395, the opinion réáds : “ Thé infant’s moíiéy was awarded to compensate him for Ms pain, MS suffering and Ms incapá'éity ÓCeásionéd by the accident — hot to purchase necessaries for him during his Minority.- Thé íáw obligates the father to provide those necessáriéS. If he fails in Ms duty, those úgénci'és should act that provide nécessa'ries for infants ibifhokt such funds [emphásis supplied]. I ám not dealing with infants who posséss inheritances but with crippled Children each of whom happens to hávé a small shin of íhdnéy ih place of a normal body ”, and at page 396: “ When that money is Withdrawn to purchase necessities; it is being misapplied;”
The De M'arcd decision has béen cited in Gaffney v. Constantine (87 N. Y. S. 2d 131); Matter of Groom (203 Misc. 574); Leon v. Walker (1 Misc 2d 219); Gans v. Epstein (149 N. Y. S. 2d 80); Zambrana v. Railway Express (11 Misc 2d 553); Hyter v. Children’s Village (7 Misc 2d 1032); Matter of Stackpole v. Scott (9 Misc 2d 922) and Conigliaro v. Rosa (24 Misc 2d 15).
‘ ‘ An infant cannot be required to buy his own clothing out df Mohey awarded td hiM for injuries he sustained;” (Gaffney v. Constantine, 87 N. Y. S. 2d 131, 132; supra.)
“ The parental duty of support Of the family, and évek the éomniúnül 'responsibility in the sense of public welfare, should not be permitted to be shifted to this infant; because; fortuitously, [sjhé wás gravély physically injufed and was successful in now having Oh hand what the faMily Might consider a financial Windfall;” (Leon v. Walker, 1 Misc 2d 219, 221; supra, cited in Conigliaro v. Rosa 24 Misc 2d 15, 16; supra.)
“ The Withdrawal of funds ® * * requires clear proof df the inability of the parents to supply funds needed for the infant’s sole USO áhd benefit in Order td equalize or lessen the consequences of the infant’s injuries. (Matter of Groom, 203 *748 Misc. 574; De Marco v. Seaman, 157 Misc. 390; Leon v. Walker, 1 Misc 2d 219). Withdrawals for ordinary necessities of life, which parents or relief agencies are required to furnish by law, are not proper (Gaffney v. Constantine, 87 N. Y. S. 2d 131). It is thus clear that no withdrawal is justifiable unless it be for an urgent purpose over and above the ordinary necessities of life, helpful to a reduction of the consequences of the injury. ’ ’ (Hyter v. Children’s Village, 7 Misc 2d 1032, 1033, supra.) (Italics supplied.)
In Gaffney v. Constantine (87 N. Y. S. 2d 131, 132, supra) the court stated: “ This court is the guardian of that child’s funds and when the child reaches twenty-one, he has a right to expect to receive the money awarded to him for his injury with interest and not a bundle of court orders showing that his funds were spent for ordinary necessities of life which others were obligated by law to furnish him. ’ ’
Reference to the foregoing quotation is to be found in most, if not all, of the above-cited authorities.
In his brief, the Director writes that “ The latter case (Leon v. Walker, 1 Misc 2d 219) * * * the judge stated that if the Welfare Department had been the petitioner, he would have the right to grant the relief asked. ’ ’ This court does not so interpret Mr. Justice Levy’s opinion. He did write, on page 220:
“ If an infant have independent means or income, and a close member of his family be in financial need, it is quite appropriate that the minor voluntarily utilize his resources to some extent in aid of the economic maintenance of his unfortunate relative. Indeed, moral responsibility may well have merged with public interest in legislatively effectuating a legal duty upon the infant in certain circumstances (Social Welfare Law, § 101; Surrogate’s Ct. Act, § 194) before even communal responsibility may be called into play.
‘1 But it is not the function or obligation of an eight-year-old child to support her mother * * * when (as in the case at bar) the child’s sole assets consist of a recovery in a lawsuit for serious personal injuries occasioned her by the fault of another.” (Italics supplied.)
The Director also cites Whalen v. Downs (10 A D 2d 148) as an authority that the “ Welfare Department does have a right to petition, and that a recovery from personal injury is an asset to the person receiving it.” In that case, the appeal was from the judgment of the County Court entered upon an order which granted a motion by the plaintiff, Commissioner of Public Welfare, for summary judgment against an adult son for reimburse *749 inent of money from a judgment for his personal injury, which money was granted by the Public Welfare to the defendant son’s mother. The judgment and order was reversed on the law and the facts. Nowhere in the Per Curiam opinion of the Appellate Division is it stated, nor does this court infer, that “ the Welfare Department does have a right to petition”. With respect to the contention ‘ ‘ that a recovery from personal injury is an asset to the person receiving it,” the Appellate Division wrote (p. 151):
“If as the Commissioner argues the cause of action was, at the time the assistance was given his mother, an asset of defendant affecting the sufficiency of his ability to pay, due attention should be given to that part of the cause of action which was for the recovery of loss of earnings or other financial loss during that period; and we would assume readily that recovery in the personal injury action for this loss could be considered in computing the amount of the plaintiff’s cause of action for reimbursement. * * * We assume that this aspect of the cause on which the $40,000 judgment is based would be sufficient if the judgment becomes final and is good, to establish the sufficient ability of defendant during the period of public assistance to sustain the plaintiff’s claim. But if the actual recovery for money loss by defendant is not sufficient, a problem of great complexity may arise which involves important considerations of public and judicial policy and which we find unnecessary to answer definitively at this stage of the action.
‘1 The problem would be whether, as in this case, a man has lost an eye and is compensated by a judgment for the eye as a permanent injury, the compensation being intended in legal theory to pay him for the loss of function the rest of his life, such a loss is to be regarded as an asset on which a ‘ sufficient ’ financial ‘ ability ’ to support a relative for a particular time is to be calculated; or whether equitably for the purposes of this statute the loss of an eye ought not to be deemed commuted over the life expectancy of the injured person.”
Whatever authority the afore-cited case may be for the right of the (Commissioner of Welfare to seek reimbursement from an adult son, from funds which he acquired on account of personal injuries, for public assistance given to his mother, it is not an authority for the Director of Public Welfare to petition for the withdrawal of infant’s funds acquired from a settlement as is sought in the instant case.
This court is of the opinion that the provisions of sections 101 and 104 of the Social Welfare Law do not enlarge the provisions *750 of section 980-a of tile Civil Practice Act so that it would embrace by its regulations property and funds of infants peculiar to litigation instituted in the Stiprenie Court (De Marco v. Seaman, 157 Misc. 391, 399, supra).
The petitioner’s.request that the infant’s bank accounts be transferred from their present depositories to banks located in Moiiroe County because the mother and infant are' noW residents of that county is denied. The petitioner’s motion is denied.