Samuel H. Hofstadter, J.
This is an application for withdrawal of funds now in custodia legis heretofore recovered by an infant in a personal injury action. Applicant is the father. The infant is now 11 years old.
The applicant is 51 years of age; his family unit consists of his wife and five children (including the infant beneficiary of the funds), whose ages range from 5 to 13. He is a cardiac victim, unable to work, and is an out-patient of the Cardiac Clinic of the Metropolitan Hospital. He is currently receiving a modest monthly sum as social security disability benefits and has no other means of income or assets. He seeks per *60 mission to withdraw $1,200 of the approximately $4,500 fund involved so as to remove his family to Puerto Rico where he has been advised his fixed income would go farther, and his life prolonged because of the more salubrious climate.
I am aware of the general policy against withdrawal of infants’ funds except for cogent reasons; and that applications are not ordinarily granted to meet only the claimed needs of an infant’s family (see Leon v. Walker, 1 Misc 2d 219 and cases therein cited). But, in matters of so delicate nature, each case must be considered on its own particular facts. Sound discretion may not be displaced by flat fiat!
In this instance: The child herself will benefit greatly from a return to the beautiful isle of Puerto Rico; it will assure her a better life. A girl can suffer no greater handicap than to be deprived of a good home and her parents’ solicitude. A bank balance — to be used in the future — cannot compensate for such loss. For childhood is contemporaneous — this youngster needs the support and tenderness of her father now — not an estate in expectation. It is more important that she become a wholesome and healthy adult than that she become an affluent one! This supreme familial objective is unobtainable through the father’s labors because of his physical incapacity. Only by granting the application can it be achieved.
This is not the case where the funds are sought to keep the wolf away from the door (De Marco v. Seaman, 157 Misc. 390) or to postpone the visit of the Sheriff (Conigliaro v. Rosa, 24 Misc 2d 15). Rather, what is being sought here is the opportunity for investment in the future of this family, to provide for the infant a longer period of paternal love and guidance — certainly the possibility of such occurrence is magnified by the withdrawal. Consideration of the infant’s welfare compels no other conclusion— that her parents and siblings will incidentally benefit is a moral, if not a legal, imponderable in favor of such determination — not against it.