John D. Bennett, S.
In this accounting proceeding the Board of Public Welfare of Nassau County claims to be a creditor of this estate by virtue of its payment of the expenses incurred in the court-ordered commitment of the decedent’s daughter, who was adjudicated a neglected child.
The executor of the mother’s estate, citing Matter of Brodine (10 A D 2d 414), contends that maintenance at the place of commitment of the decedent’s daughter, being an involuntary incarceration in nature by virtue of a court order, is not public assistance or care as such.
The claimant, in an attempt to distinguish the Brodine case, lays great stress upon the fact that in the Brodine case the child was adjudicated a juvenile delinquent, while here the child was committed as a neglected child.
*92 Although there is a distinction between a determination of juvenile delinquency and a neglected child, the court is of the opinion that on the facts here it is a distinction without any difference. In both cases, the State may act through the courts to intervene in the place of the parents and assume the control and custody of the child regardless of the consent or the position taken by the parents (Matter of Cole, 212 App. Div. 427, 429; Matter of Whitmore, 47 N. Y. S. 2d 143). This is certainly not public assistance and care in the traditional sense (Matter of Brodine, supra). In both cases the State is attempting, as it should, to restore a useful member to society.
The court holds that in accordance with the Brodine case, the exclusive remedy to obtain a contribution from the parents towards the maintenance of the child at the place of commitment, was under former section 40 of the Children’s Court Act. The claim of the Board of Public Welfare is accordingly dismissed.
The special guardian’s objection that the estate is not a proper party to the Supreme Court negligence action is a question which must be addressed to the Supreme Court.