William J. Regan, S.
This is a proceeding by the Commissioner of the Erie County Department of Social Services against the estate of Charles Taff, Sr., to compel payment of the county’s claim of $5,015.06 for assistance rendered to Charles Taff, Jr., decedent’s son, in the New York State Agricultural and Industrial School at Industry, New York.
Charles Taff, Jr., was committed to the school at Industry, New York as a person in need of supervision by an order of a Judge of the Erie County Family Court and was there incarcerated from May 13, 1966 to February 5, 1967. In Matter of Tuttle (37 Misc 2d 91, 92) the court said:
‘ ‘ Although there is a distinction between a determination of juvenile delinquency and a neglected child, the court is of the opinion that on the facts here there is a distinction without any difference. In both cases the State may act through the courts to intervene in the place of the parents and assume the control and custody of the child regardless of the consent or the position taken by the parents (Matter of Cole, 212 App. Div. 427, 429; Matter of Witmore, 47 N. Y. S. 2d 143). This is certainly not public assistance and care in the traditional sense. (Matter of Brodine, supra). In both cases the State is attempting, as it should, to restore a useful member to society.
‘ ‘ The court holds that in accordance with the Brodine case, the exclusive remedy to obtain a contribution from the parents towards the maintenance of the child at the place of commit *603 ment, was under former section 40 of the Children’s Court Act. The claim of the Board of Public Welfare is accordingly dismissed.”
The Brodine case above referred to is Matter of Brodine (10 A D 2d 414, 416, affd. 13 N Y 2d 734). In that case the court said: “ Support and maintenance in an institution in which the child is involuntarily incarcerated on a charge of delinquency, by a court order, is not ‘ public assistance or care ’ within the meaning of that section (Matter of Charles, 181 Misc. 194).”
Former section 40 of the Children’s Court Act is now section 233 of the Family Court Act. The courts have held that that section, together with the pertinent sections of the Social Welfare Law, indicates a legislative intent to make them ‘ ‘ the exclusive means of establishing a liability for the support and maintenance of a child committed to an institution as a juvenile delinquent.” Section 110 of the Social 'Services Law provides that the Family Court which commits a child shall make an order directing the parents to make such payments toward the cost of confinement as is equitable. Petitioner’s statements with reference to the Family Court considering the possibility of later payments to be ordered evidently did not materialize and, as a matter of fact, there never was an order by the Family Court for payment.
A guardianship account held jointly with the Surrogate’s Guardianship Department indicates that there are in the funds of Charles Taff, Jr., moneys resulting from a settlement in a negligence action. Although the instant proceeding is against the parent’s estate, by way of passing the court will refer to Matter of Woods v. Mason (32 Misc 2d 745) which states that a welfare department may not be reimbursed from funds of an infant for maintenance and support where the funds were awarded to the infant as a result of a negligence action.
Accordingly, this court believes that it is without authority to direct reimbursement for the sums expended by the county on behalf of Charles Taff, Jr.