Dominion 'Corso, J.
The infant plaintiff herein was injured after being struck and knocked down by a motor vehicle owned and operated by an unknown person who left the scene of the accident.
The injuries sustained were extremely severe and disabling requiring hospitalization from December 12, 1969 to February 24, 1970 and out-patient treatment until December 9, 1970.
On the 25th day of August, 1971 this court approved the settlement of the infant’s cause of action for the sum of $10,000, the limit of defendant’s liability fixed by law. The mother and natural guardian, a party plaintiff, was a recipient of social assistance before the date of the accident and since. The proposed order of compromise contained provisions for the payment of $2,590 and $65 to the Department of Social Services, for medical care and attention furnished *296 to the infant and $95 for medical services furnished by the New York City Department of Health. This court struck out all of said provisions.
Counsel for the plaintiff has informed the court that the defendant MVAIC has refused to honor the order of compromise unless the Department of Social Services submits proof that it will not sue the defendant corporation to enforce its lien. The Department of Social Services has declined to issue such proof asserting that this court has no power to relieve the infant from payment for her medical treatment citing section 104-a and section 369 of the Social Services Law as authority for its position. Counsel for the plaintiff now offers a new application containing the provisions for payment of the medical treatment received by the infant, which this court heretofore deleted.
We are properly impelled to discuss the assertions of the Department of Social Services, since in the past this court has reduced or deleted liens of doctors, hospitals and the Department of Social Services in similar situations and since questions such as here presented will undoubtedly arise again we thought it propitious to indicate our views and reasons for the propriety of the action we are about to take.
Before going into the issue at hand the court is constrained to note in passing that counsel for the defendant MYAIC should have taken an appeal from the order of this court and not arbitrarily refuse to comply therewith. That would have been the proper method of seeking relief therefrom. This court knows of no law which gives the defendant special status or exemption from compliance with our appeals procedure.
We now come to the question which is posed in this application: Whether the funds paid in settlement of the infant’s claim for personal injuries can be used to reimburse the Department of Social Services for maintenance and hospital care furnished to the infant since the occurrence of said injuries to such infant.
The infant plaintiff was entitled to receive maintenance and care and medical assistance. (See Social Services Law, §§ 131, 131-a and 366.) The moneys given to her as compensation for the personal injuries she sustained are not properly the subject of lien by the Department of Social Services for reimbursement for the maintenance and hospital care rendered to the infant. Courts have uniformly and jealously guarded personal injury awards granted to an infant from the hands of those who would seek to expend the funds. (Leon v. Walker, 1 Misc 2d 219; Conigliaro v. Rosa, 24 Mise 2d 15.) Such *297 moneys are regarded not as assets to be applied for ordinary necessities but as recompense for irreplaceable loss. (Of. Internal Revenue Code, § 104 where compensation for personal injuries is specifically excluded from gross income.) Therefore, courts have held, as in Hyter v. Children’s Vil. (7 Misc 2d 1932, 1933) that “Withdrawals for ordinary necessities of life, which parents or relief agencies are required to furnish by law, are not proper * * * no withdrawal is justifiable unless it be for an urgent purpose over and above the ordinary necessities of life, [sic] helpful to a reduction of the consequences of the injury.”
Thus, in Matter of Woods (32 Misc 2d 745), a case in point, the Director of Public Welfare petitioned the court for an order directing the mother and guardian ad litem of an infant daughter to reimburse the Welfare Department from funds the infant recovered in a personal injury action. The court held that the provisions of sections 104 and 101 of the Social Welfare Law (now Social Services Law) pertaining to the recovery from a person discovered to have property did not enlarge the provisions of section 980-a of the Civil Practice Act (now CPLR 1206) pertaining to the disposition of proceeds of an infant’s claim for personal injuries. Funds awarded to an infant for personal injuries suffered by the infant, the court found, could not be used to reimburse for expenditures for care and maintenance of the infant and her mother.
In the later case of Matter of Taff (61 Misc 2d 602), which was a proceeding by the Commissioner of the County Department of Social Services against the decedent’s estate to compel payment of the county’s claim for assistance rendered to decedent’s son in a school to which the son was committed as a person in need of supervision, the court’s thinking was identical. Citing Matter of Woods, it held that the Welfare Department may not be reimbursed from the infant’s funds for maintenance and support where the funds were awarded to the infant as a result of a negligence action.
The theory underlying the court’s reluctance to use an infant’s funds is best expressed in the case of De Marco v. Seaman (157 Misc. 390, 395). There the court pointed out that “ the infant’s money [is] awarded to compensate for his pain, his suffering and his incapacity occasioned by the accident — not to purchase necessaries for him during his minority. The law obligates the father to provide those necessaries. If he fails in this duty, those agencies should act that provide necessaries for infants without such funds.”
*298 Or, as stated in a later case: ‘ ‘ An infant cannot be required to buy Ms own clothing out of money awarded to him for injuries he sustained * * * when the child reaches twenty-one, he has a right to expect to receive the money awarded to him for his injury not just a bundle of court orders showing that his funds were spent for ordinary necessities of life which others were obligated by law to furnish him.” (Gaffney v. Constantine, 87 N. Y. S. 2d 131, 132).
However, even if case law were to the contrary, the statutory basis upon which reimbursement rests belies the infant’s duty to repay the State for his care and maintenance. Section 104 of the Social Services Law states that recovery can be had on the ground that ‘ ‘ any public assistance or care received by [a person discovered to have real or personal property] * * * constitute an implied contract”. Even assuming arguendo, that the receipt of public assistance creates a contractual relationship, all the defenses available to an infant in a regular contract proceeding are available to him in an action such as this, to wit: lack of mutuality, lack of consideration and, obviously, infancy. Additionally, it should be noted, that the infant is not, in fact a ‘ ‘ contracting ’ ’ party, but is, rather, a third-party beneficiary of any agreements between his parents and the State.
Furthermore, as the infant is not an actual party to either the application for or the receipt of public assistance, any funds given in his favor are in the nature of a gratuity and, therefore, not properly reimbursable. As the Court of Appeals stated in City of Albany v. McNamara (117 N. Y. 168, 172, 174-175) where it reversed a lower court ruling that the city has a claim against the estate of a decedent who as a poor, sick person had received care and main! manee in a municipal hospital: “ it is an elementary principle in [actions to recover back money paid by one person or another] that money voluntarily paid out by one for another cannot be recovered back * * * if aid and assistance are voluntarily furnished by the charitable and credulous without deception to such person, we know of no rule that enables the persons giving to recover back from the object of their benevolence the moneys so advanced to him.”
However, even assuming that a valid contractual relationsMp is created between the infant and the State and assuming even further that personal injury awards given to an infant may properly be used for an infant’s ordinary necessities, any recovery of these funds by Social Services is self-defeating. Both the Social Services Law and the Social Security Act *299 state as their basic purpose the helping of an individual to “ attain or retain capability * 55 * for maximum self-support and personal independence (U. S. Code, tit. 42, § 601.) Absent fraud, any attempt at recovery of public assistance proceeds, particularly from an injured minor child, violates this goal.
Lastly, and most importantly, a minor child is not affected by the provisions of section 104-a since it does not fit within the terms of the statute. That section provides that “if a recipient of public assistance and care shall have a right of action, suit, claim, counterclaim or demand against another on account of any personal injuries suffered by such recipient, then the public welfare official for the public welfare district providing such assistance and care shall have a lien for such amount as may be fixed by the public welfare official”. (Emphasis added.)
Subdivision A of section 349 of the Social Services Law states that ‘ ‘ Aid to dependent children shall be given to a parent or other relative * * * for the benefit of a child or minor under eighteen years of age or of a minor under twenty-one years of age who is a student”.
Paragraph 2 of subdivision C of section 349 adds that ‘ ‘ when the applicant or recipient [of Aid to Dependent Children] is a parent of the child or minor, he or she shall * * * assist and cooperate with the social services official”.
It is clear from the language of these statutes that a minor child is not a “ recipient” of public assistance but, rather, a beneficiary of funds received by his parents. Therefore, the recovery provision of section 104-a which speaks of a recipient does not affect such minor child. The infant is morally and legally entitled to medical care and assistance as well as all the ordinary necessities of life and if the parent cannot provide them, then our State agencies must. To seek reimbursement for such care from the proceeds paid the infant for personal injuries sustained is unconscionable and improper.
This court is in full accord with the reasoning and sentiments expressed in Leon v. Walker (1 Misc 2d 219, 221, supra) where the opinion reads: ‘ ‘ The parental duty of support of the family, and even the communal responsibility in the sense of public welfare, should not be permitted to be shifted to this infant, because, fortuitously, [s]he was gravely physically injured and was successful in now having on hand what the family might consider a financial windfall ’ ’.
It is inconceivable that the Legislature by the enactment of section 104-a of the Social Services Law intended to shift to *300 infants, who acquire funds through personal injury claims, the responsibility and obligations of parents and/or community agencies, to provide infants with medical care and assistance.
Additionally, as the decision of Matter of Taff (61 Misc 2d 602, supra) which cited Matter of Woods (7 Misc 2d 1032, supra) came after the enactment of section 104-a, such case law is controlling and no recovery can be had from an infant’s personal injury claims.
In sum, it is clear from both decisional and statutory law that personal injury awards given to an infant cannot properly be used either for the infant’s ordinary necessities or for reimbursement to those who are responsible for such necessities. 'Such moneys rightfully belong to the minor child as compensation for loss and are not ordinary assets. This application is denied, the order of August 25, 1971 stands as signed with the proviso that interest is to be added to the amount of the settlement from the date of service of the order to the date of payment.