Jacob Ark, J.
This is an article 78 proceeding commenced by Barbara (Smith (herein petitioner) against the New York State Department of Social Services which, after a fair hearing, affirmed a determination of the Monroe County Department of Social Services (herein agency) that reduced her benefits.
The petitioner is the recipient of a grant of aid to dependent children for herself and her four minor children. At the time of the hearing there was on deposit in the name of the petitioner, as parent and natural guardian of Daniel Smith, an infant, with the First National Bank in joint control, the sum of $1,499.72, the proceeds of a settlement made as the result of a negligence action brought on behalf of Daniel who was injured by an automobile. The grant to the petitioner was reduced on the basis that this trust fund was “ a potentially available resource ” within the meaning of subdivision (a) of section 352.23 of the Regulations of the Department of Social Services (18 NYCRR 352.23 [a]) and that the sum in excess of $1,000 should be used for the support of the infant.
*777 The respondent relies upon subdivision (e) of section 352.22 of the Regulations of the Department of Social Services (18 NYCRR 352.22 [e]) that provides: “ (1) No application to the court need be made for the release of trust funds of an infant under 21 years of age for the support of such infant, provided such funds are subject to the order of the court and do not exceed $1,000.
“ (2) No application to the court need ordinarily be made for basic maintenance when the trust funds of an infant exceed $1,000 if such funds represent the proceeds of a personal injury award which resulted from an incident in which the infant suffered disabling injuries. However, medical and educational costs related to the permanent injury should be met out of such funds and application therefor shall be made to the court and, if the award clearly exceeds the anticipated costs of medical care and education, application should be made to the court for maintenance allowance for the infant involved.”
It is the respondent’s position that under paragraph 2 of the regulation the infant did not suffer any disabling injury. This is the testimony at the hearing concerning the infant’s injury:
‘ ‘ the hearing oeficer : * * * Tell me about the accident. When did the accident happen and what was involved to Daniel.
“ mrs. smith : Well, it happened in May of ’68. I think he was seven. He had just turned seven in May and he was hit by a car and he was in the hospital for close to a month.
“ the hearing officer: What injuries did he have?
“mrs. smith: His — the car went over his leg and it had broken the bones. Broken the bones through the skin and they had to operate on his leg and the bones had to be — •
“ the hearing officer: Has he — go ahead.
“mrs. smith : He was in a cast all summer long.
‘ ‘ the hearing officer : All right. And, did he have any ■— has he presently any disabling injury at the present time?
“ MRS. smith : No.
‘ ‘ the hearing offioer : He has recovered. All right, now, your budget was reduced in September. The budget was out in September.”
A copy of the order settling the infant’s action was subpoenaed by the agency and not produced at the hearing by the petitioner who did not receive one. This order, however, is part of the moving papers and shows that the action was settled for the sum of $3,500 by order dated June 21, 1971 and that after the payment of medical and hospital bills in the sum of $1,700 and payment of attorney’s fees and disbursements of $1,250.16, there *778 remained the sum of $1,399.84 for deposit in the First National Bank of Rochester.
The court “ may take judicial notice of the filed papers upon which the order was made ”. (Zouppas v. Yannikidou, 16 A D 2d 52, 54.) In view of the meager testimony at the hearing concerning the infant’s injuries, the court examined the papers upon which the order of settlement was made. These indicate that the infant sustained very serious injuries, consisting of a compound fracture of both the tibia and fibula, and that Dr. Carl Harris, the attending physician, stated that his leg by actual measurement was one-quarter-inch short. He was of the opinion that, “It is quite possible that he may end up with some leg discrepancy, but it is not anticipated that he will have any loss of motion.” Considering the nature of the injuries sustained by the infant, the settlement during the trial obviously was a compromise, as his attorney stated that there was “ a serious question of being able to prove liability on the defendant’s part ’ ’. When Mrs. Smith was asked if her son had any disabling injury at the present time, she answered in the negative, but it was the hearing officer who stated that the infant has recovered from the accident.
The petitioner cites many authorities to the effect that the proceeds of a minor’s personal injury award cannot be used for his ordinary support and maintenance during his minority.
Matter of Woods v. Mason (32 Misc 2d 745) involved an application by the Director of Public Welfare of the Monroe County Welfare District for an order directing the mother and guardian ad litem of her infant daughter to pay from funds of the infant to the director a sum of money to be applied towards the cost of care and maintenance of the infant and the mother heretofore furnished to them by the director.
In denying the application, the court in citing pertinent authorities said: ‘ ‘ The writer is in full accord with the reasoning sentiment and decision of Mr. Justice Cuff in De Marco v. Seamon (157 Misc. 390, 391). On page 395, the opinion reads: ‘ The infant’s money was awarded to compensate him for his pain, his suffering and his incapacity occasioned by the accident —not to purchase necessaries for him during his minority. The law obligates the father to provide those necessaries. If he fails in his {duty, those agencies should get that provide necessaries for infants without such funds [emphasis supplied]. I am not dealing with infants who possess inheritances but with crippled children each of whom happens to have a small sum of money in place of a normal body ’, and at page 396: ‘ When that *779 money is withdrawn to purchase necessities, it is being misapplied. ’
“ The De Marco decision has been cited in Gaffney v. Constantine (87 N. Y. S. 2d 131); Matter of Groom (203 Misc. 574); Leon v. Walker (1 Misc 2d 219); Gans v. Epstein (149 N. Y. S. 2d 80); Zambrana v. Railway Express (11 Misc 2d 553); Hyter v. Children’s Village (7 Misc 2d 1032); Matter of Stackpole v. Scott (9 Misc 2d 922) and Conigliaro v. Rosa (24 Misc 2d 15).
‘1 ‘ An infant cannot be required to buy his own clothing out of money awarded to him for injuries he sustained.’ (Gaffney v. Constantine, 87 N. Y. S. 2d 131, 132, supra.)
“ ‘ The parental duty of support of the family, and even the communal responsibility in the sense of public welfare, should not be permitted to be shifted to this infant, because, fortuitously, [s]he was gravely physically injured and was successful in now having on hand what the family might consider a financial windfall.’ (Leon v. Walker, 1 Misc 2d 219, 221, supra, cited in Conigliaro v. Rosa, 24 Misc 2d 15, 16, supra.)
1 ‘ ‘ The withdrawal of funds * * * requires clear proof
of the inability of the parents to supply funds needed for the infant’s sole use and benefit in order to equalize or lessen the consequences of the infant’s injuries. (Matter of Groom, 203 Misc. 574; De Marco v. Seaman, 157 Misc. 390; Leon v. Walker, 1 Misc 2d 219.) Withdrawals for ordinary necessities of life, which parents or relief agencies are required to furnish by law, are not proper (Gaffney v. Constantine, 87 N. Y. S. 2d 131). It is thus clear that no withdrawal is justifiable unless it be for an urgent purpose over and above the ordinary necessities of life, helpful to a reduction of the consequences of the injury. ’ (Hyter v. Children’s Village, 7 Misc 2d 1032, 1033, supra.) (Italics supplied.) ” {Matter of Woods v. Mason, 32 Misc 2d 745, 747-748, supra.)
In the light of the cited authorities, the court to which application may be made under subdivision (e) of section 352.22 of the Regulations of the Department of Social Services (18 NYCRR 352.22 [e]) could very well not countenance the withdrawal of such funds for support purposes. The regulation is not a mandate to a court requiring its pro forma approval of an application to withdraw the funds of an infant. The action of the agency requires Mrs. Smith and her four children to live below the established standard of need, in violation of sections 131 and 131-a of the Social Services Law. The record in this case does not support the action of the agency and the respondent.
*780 The respondent’s determination is reversed and annulled, and the Monroe County Department of Social Services is directed to reimburse the petitioner for all sums of money withheld from her.
Settle order on notice.