Martha K. Zelman, J.
This is an application made by order to show cause, returnable in Special Term, Part II. Motion is supported by affidavits of1 guardian ad litem and mother of infant, Constance Franklin, and attorneys Abbey F. Goldstein and Richard Asher. Mother and guardian ad litem, Constance Franklin, alleges in her supporting affidavit that she and her husband are the sole support of the infant, Clarence, 18 years of age. That the moneys on deposit in the Central Queens Savings and Loan Association in the sum of $1,718.09, are the result of a settlement of an action for personal injuries suffered by the infant, Clarence. The mother alleges that she supports' *1043 four other children, earns between $96 and $104 per week, and that the father is unemployed. She maintains that trust funds are needed to pay counsellors for infant’s defense. The infant is presently incarcerated in lieu of $15,000 bail on a robbery in the first degree charge — a felony. The Judge sitting in the arraignment part has denied the infant representation of legal aid, contending that while there are trust funds available to him, the infant is not eligible for legal aid. The attorneys, Goldstein and Asher, in supporting affidavits ask for the release of $1,100 for representation up until such time as a trial should become necessary and for release of the full amount of $1,700 if a trial ensues.
It is the contention of this court that the court is the protector of the funds of the infants and has an inherently high obligation to the infant to see to it that his funds are not unnecessarily or recklessly depleted. The leading case on this point is De Marco v. Seaman (157 Misc. 390) n which Justice Cuff states: Infants’ funds, consisting of money awarded an infant, are to compensate him for pain and suffering. Such money can be used only for such purposes as providing the infant with a higher degree of education or with unusual medical care not for purchasing necessities i.e. graduation expenses or camp unless such condition results directly from the accident and demonstrates such treatment. There is no appeal when an order is signed, the money is gone forever and spent without trace. (Losey v. Stanley, 147 N. Y. 560; Hyster v. Children’s Vil., 7 Misc 2d 1032; see, also, Matter of Gospodarski, 64 Misc 2d 429; Matter of Woods v. Mason, 32 Misc 2d 745.)
It is the opinion of this court that the rights of the infant are to be protected above all else. These funds are not the funds from an inheritance but are derived from the pain and suffering of the infant; the law obligates the court to look into every avenue before allowing these funds to be depleted. ‘ * When the child reaches twenty-one he has a right to expect to receive the money awarded to him for his injuries * * * not [just] a bundle of court orders showing that his funds were spent for ordinary necessaries of life which others were obligated by law to furnish to him.” (Gaffney v. Constantine, 87 N. Y. S. 2d 131, 132; Galante v. Doe, 68 Misc 2d 295; see CPLR 1206 entitled “ Disposition of proceeds of claim of infant or judicially declared incompetent. ’ ’)
This court maintains that the provisions of article 18-B of the County Law entitled ‘1 Representation of persons accused of crime ” in which the local bar association sets up a plan of quali *1044 fled attorneys on a rotating basis is an area that must be explored for the infant. Perhaps Mr. Goldstein and Mr. Asher are part of this panel and can be assigned.
This court, before it can release any infants’ trust funds, must be provided with a schedule of services performed and a rate compensable for such services. The court must be assured that there is no other way to provide these services before it can release one penny from this trust fund.
Application of guardian ad litem and mother of infant Clarence Franklin is hereby denied.