Martha K. Zelman, J.
In the case at bar, the infant Bandy Washington, at age of 8% years, suffered severe personal injury by running out into the street from between two parked cars and ran into a car driven by ‘.the defendant Harry Beitel. The infant, Bandy Washington, then resided with his mother who *1017 was then and presently is a recipient of1 public assistance. The infant’s hospital bill came to $1,328.94 and was paid ,by the Department of Social Services of New York. The within action is being settled'for $2,500 which is the highest amount that the defendant or his insurance company would offer under the circumstances. The Department qf Social Services has agreed to reduce their claim to $838.33.
The applicable statutes in the instant case are sections, 104 and 104-b of the Social Services Law.
Section 104-b of the statute authorizes the Department of Social Services to have a lien on a recipient of public assistance if the recipient has a cause of action or suit for personal injuries against another. It is under this section of the law that defendant Department of Social Services claims to have a lien for $833.36.
Subdivision 1 of section 104 of the statute authorizes the department to bring a suit against a recipient of public assistance if such a person is discovered to have real or personal property. However, subdivision 2 of section 104 is an exception to subdivision 1 of section 104. Subdivision 2 states: “No right of action shall accrue against an infant by reason of the assistance or care granted to him unless at the time it was granted the infant was possessed of money and property in excess of his reasonable requirements.”
Thus, it seems clear that the Legislature intended to exempt infants from the effects of subdivision 1 of section 104. In Galante v. Doe (68 Misc 2d 295), the court held that funds paid by the Motor Vehicle Accident Indemnification Corporation in settlement of infants’ claim for personal injury could not be used to reimburse the Department of Social Services for maintenance and hospital care furnished to the infant.
The cases construing subdivision 2 of section 104 have held consistently that it precludes recovery of expenditures for ‘ ‘ necessaries ’ ’ made at a time when the infant had no excess funds. (See Galante v. Doe, supra; Matter of Taff, 61 Misc 2d 602; Matter of Woods, 32 Misc 2d 745.) The majority of the cases concerning this issue have held that the Department of Social Services lien should be disallowed.
Section 363 of the Social Services Law defines medical assistance as a “necessity” and there is no argument here that the services rendered to infant Randy Washington were a “ necessity ”.
At common law, there was no right of recovery of public assistance given to the poor and they were not obligated to *1018 repay. In the case at bar, the infant was already a recipient of public assistance, and was receiving medical care as a necessity. It is the contention of this court that any lien for medical services rendered to the infant should be expunged. At the time of assistance the infant was in need of public help. Therefore, no lien can be enforced against the proceeds of settlement. (Marsh v. La Marco, 75 Misc 2d 139; Kozi v. Lopez, N. Y. L. J., Dec. 27, 1973, p. 15, col. 5; Ibarra v. Fusco, N. Y. L. J., Jan. 12, 1973, p. 17, col. 7; Praylow v. Maklansky, N. Y. L. J., April 2, 1974, p. 17, col. 4.)
The statute is clear and free from ambiguity upholding that no right or action should accrue against an infant by reason of assistance or care granted to him unless at the time he was possessed of money in excess of his reasonable requirements.
Under CPLR 1206, 1207 and 1208, a claim belonging to an infant cannot be settled or compromised without court order.
■CPLR 1206 directs that the proceeds from such a settlement must be distributed to the infant’s guardian of his property. Such guardian holds the property in trust for the infant until the infant reaches his -majority or, if the property is money, is allowed to deposit the amount in a bank or loan association.
Such money ;should not be attachable by anyone, including the City of New York, since it is not under the control of the infant but for the benefit of said infant. The court as the protector of the infant is under a duty to see that such funds are not depleted.
Comprise order signed. Submit order expunging lien of Department of .Social Services.