OPINION OF THE COURT
Millard L. Midonick, J.
Petitioner mother guardian of the property of her infant son seeks to withdraw funds from the guardian account, $1,000 of which shall be used to post cash bail for the infant. At present the infant is in Rikers Island Jail and allegedly has received injuries as a result of said confinement.
While this court believes use of the infant’s funds for this purpose is for his benefit and a permissible use, the court is aware of a recent case in Queens County Supreme Court which denied a similar use of an infant’s funds (Peterson v City of New York, 107 Misc 2d 1055). That court determined that it was the duty of the parents to post bail, indicating that they should obtain a mortgage on the real property they own for the amount of the bail.
For a number of reasons this court comes to a different conclusion in the matter at bar. Judicial notice can be taken of the studies which indicate that a defendant has a better chance of defending himself when he is out on bail than when he is incarcerated. Moreover, the mental and physical problems which can occur as a result of being incarcerated warrant the posting of bail whenever possible.
The concern that such a use of the infant’s funds might cause them to be dissipated is without merit. If the infant *1048 appears in court on all scheduled dates the cash used for bail will eventually be returned to the guardian for his benefit. On the other hand the argument is that a forfeiture of bail could occur if the infant does not so appear. In such circumstance the infant cannot complain that the funds should not have been used for his benefit and the above reasons for permitting the use of those funds still exist. It is not the duty of this court to determine whether the amount of bail is reasonable but only to decide if such amount may be withdrawn in the best interests of the infant for his benefit.
The guardian mother of the infant in this instance has no assets from which to obtain bail.
Accordingly, the application is granted.