OPINION OF THE COURT
Harold Hyman, J.
This ex parte application made pursuant to CPLR 1211 (subd [a], par 2) to withdraw $16,009.89 plus attorney’s fees of $720, a total of $16,729.89, from an infant’s estate now on deposit and resulting from defendants’ negligence, is denied without prejudice.
A complete explanation for each and every expenditure must be made; the propriety and necessity thereof is fully required by the statute, and the financial means of the parents, particularly with regard to supplying the child’s necessaries, must also be fully stated (Matter of Stackpole v Scott, 9 Misc 2d 922; Leon v Walker, 1 Misc 2d 219; Matter of Groom, 203 Misc 574) since such expenditures allowed to be charged to or withdrawn from the infant’s estate must be for an urgent purpose over and above the usual or ordinary necessities of life, and must be *324 shown to be actually helpful to the reduction of the consequences of the injury which occasioned the estate (Hyter v Children’s Vil., 7 Misc 2d 1032). Furthermore, the court must exercise its discretion unfavorable to the withdrawal application, unless there is presented unequivocal proof to substantiate the absolute necessity of the withdrawal within the purview of CPLR 1211 (subd [a], par 2) and, to do so, there must be a full, open, and clear meeting of the statutory criteria therein provided.
The mere stating that prior applications for withdrawals were made and allowed is not a sufficient meeting of the criteria aforementioned for the allowance of the present petition. This court does not pass any opinion with regard to the prior applications, nor with the prior courts exercising their discretion. This court does believe that it is not in any way bound by orders made in prior applications of the same nature where not passed upon by appellate review, but, and to the contrary, this court believes that its duty with regard to the present application carries with it a present primary duty to protect the infant’s estate, which duty it must scrupulously discharge (Matter of Stackpole v Scott, supra) within the guidelines of the statute (CPLR 1211, subd [a]; DeMarco v Seaman, 157 Misc 390) so as to protect said estate against a gnawing away of the infant’s funds and the dire results which may be occasioned thereby should the infant ultimately survive beyond the years alotted to his parents (see Peterson v City of New York, 107 Misc 2d 1055).
Further, each item must be fully explained; e.g., “Transportation Expense” — gas, parking, tolls, etc. — $600; Olympic Camera and Jewelers — photo expenses — $139; gifts to drivers providing transportation to schools and to teachers — $65; educational equipment, toys, therapeutic-supplies — $975; Associated Therapies of Bay side — travel wheelchair — $728.86, and, also, $5,770; K-Products Inc. — $304; Seaman Furniture — $636.39; Epilepsy Foundation — $20; Easter seals — $10; Arthritis Foundation Inc. — $50; K.I.H.B. for the Blind — $10; World Vision International — $30; United Cerebral Palsy of Queens — $50; Gerber Life Insurance Co. — $203.64; also the numerous items for physicians amounting to $2,630; the foregoing *325 items are not to be deemed the only ones requiring explanation, all must be fully explained in detail.
Certainly “contributions” to various organizations, regardless how worthy such organizations and their causes may be of receiving charitable gifts, cannot be charged against the infant’s estate or used to deplete the estate, nor are such allowable by statute (CPLR 1211, subd [a], par 2). The statute and cases thereunder provide only “for the infant’s support, maintenance and education”.
Furthermore, each application must be sufficient unto itself. A court should not be required to wade through numerous or a series of prior applications made since 1975 in order to determine the propriety of the present petition. The duty to set forth proof of the criteria for each application when made is that of the petitioner (CPLR 1211, subd [a]).