OPINION OF THE COURT
Renee R. Roth, S.
This is a proceeding by the guardian of the property of an infant for permission to withdraw the infant’s fund presently on deposit under joint control with the court.
The infant, Jason Heyliger, was 17 years old on July 9, 1984. The petitioning guardian is his sister, Benedetta Wright.
Mrs. Wright requests permission to withdraw the entire fund of $26,224 to pay legal fees for Jason who has been indicted by a Westchester County Grand Jury for the crime of felony murder, attempted robbery and other related crimes. Jason and two other young men are accused of killing a store clerk in the course of an attempted robbery on October 20, 1983.
Mrs. Wright has retained an attorney to represent Jason. The attorney has also submitted an affidavit to the court in which he details the services he has rendered since Jason’s arrest on November 1,1983. The services include a request for discovery and an omnibus motion for dismissal of the indictment and suppression of an oral statement and physical evidence. The attorney further informs the court that his retainer agreement with Mrs. Wright, consented to by Jason, calls for a total fee of $30,000.
*916 Although the sum requested to be withdrawn ($26,224) includes payment for legal services already performed, it also includes payment for services to be performed in the future, the extent of which is unpredictable. A lengthy trial may be necessary; on the other hand, circumstances may make a plea preferable and a trial inadvisable. Since this court cannot make such decisions on Jason’s behalf and since neither Jason nor his guardian is experienced enough to make such decisions or to protect Jason’s interest in the funds on deposit, the court appointed Edward R. Korman, former United States Attorney for the Eastern District of New York, as guardian ad litem for Jason.
Mr. Korman has reported to the court that the charges against Jason “could not be more serious” and that the retained attorney is an experienced lawyer who has tried a number of substantial criminal cases. He further reports that the attorney has agreed to accept $12,500 at this time, and, if Jason pleads guilty before trial, such sum will be in full payment for his services. Should the case go to trial, the attorney would be paid the remaining funds. Mr. Korman also recommends that the attorney be paid $2,500 for his representation of Jason in a separate case pending in Bronx County for alleged weapons possessions.
This court has a duty imposed by statute to protect and preserve infants’ funds (SCPA 1708,1713). Such duty must be scrupulously observed (Matter of Stackpole, 9 Misc 2d 922). On all withdrawal applications the court is required to determine whether such withdrawal furthers the infant’s “support, maintenance or education” (CPLR 1211, subd [a]; see, also, SCPA 1713, subd 1, par [a]).
The court is not aware of any reported decisions concerning the propriety of applying an infant’s funds to the cost of his defense of criminal charges. There are, however, two decisions, both rendered in 1981, relating to the use of an infant’s funds for the purpose of posting his bail (Matter of Rodriquez, 109 Misc 2d 1047 [granted]; Peterson v City of New York, 107 Misc 2d 1055 [denied]). Mainly, these turn on whether the infant’s parents are of sufficient means to provide the needed funds from their own resources.
Concededly, where the infant has parents, they are primarily responsible for providing care. However, Jason’s *917 parents are deceased. Since Jason’s liberty and, in fact, his future clearly are at stake here to deny this application by a narrow interpretation of the statutory standard of “support, maintenance or education” does not appear to be in Jason’s best interests. The court concludes that in the final analysis the infant’s welfare must be the ultimate criterion. It is clear on all the facts that the proposed withdrawal is in Jason’s best interest and should be granted. Accordingly, the guardian of Jason’s property is authorized to withdraw the sum of $15,000 payable to Joseph R. Benfante for payment of legal fees as discussed above.
The court wishes to commend Mr. Korman for the services he rendered and for waiving his fee in this matter.