In the Matter of the Estate of MATTHEW BYRNES, Deceased.

Surrogate's Court, New York County, August 3, 1936.

*Carl H. Fowler*, for Empire Trust Company, trustee.

*George F. Mara*, special guardian for infants.

*Francis J. McManamy, Jr.*, for Matthew B. Byrnes.

*Law & Pavarini*, for Ida Von Claussen.

*Moynihan, McKeowen & Lorentzen*, for James B. O'Malley-Keyes.

*Rufus M. Overlander*, for Arthur Wellington Malley.

*Seligsberg & Lewis*, for Edward Hamilton Malley and Constance . Malley Armstrong.

*White & Case*, for Edna Louise Wenner.

DELEHANTY, S. By decision on the main accounting proceeding in this estate (159 Misc. 302) the referee's conclusion of law VII was held to be without support in the evidence. This was error. On reargument the objections to the referee's report in this respect are overruled. In all other respects the motion for reargument is denied. The commissions problem which the trustee proposes on the assumption that a new net lease may be procurable is not insoluble. Such situations are readily dealt with and the court if asked will aid the trustee (if aid is found necessary) to protect its own rights while providing for payment to the broker who negotiates the assumed lease. Until the trustee confesses its unwillingness or inability to make unaided a deal which will net it an average of over $4,000 yearly for the merely supervisory work involved where a net lease is in operation, the court will not tender any suggestions to the trustee.

On the supplemental accounting the objections are disposed of as follows: The expenses of the accountings are held to be properly a capital charge. The amount thereof computed by counsel for Matthew B. Byrnes seems to be correct. If not accepted, counter suggestions will be examined on the settlement of the decree. Since the capital asset in chief should not be sold nor further incumbered, and since the income beneficiaries through counsel have assented, as necessity constrained them to do, that the income account must advance such funds as are needed to supplement the other and salable principal assets, the decree to be entered will fix the amount so advanced from income and will provide that when the chief special asset is sold the proceeds shall be used first to reimburse the income beneficiaries to the extent fixed by the decree. Since they will by this method preserve intact a principal asset whose

entire net income is distributed to them, no allowance of interest is required until change of income beneficiaries operates to the detriment of the estate of a deceased beneficiary. When that event occurs an application to modify the decree may be made so that the new situation can be covered. The court will not authorize any issuance of any separate certificate of interest in principal.

The fees objected to are allowed except as to items of $250 and $300, respectively, paid in litigations against the trustee in its corporate as distinguished from its trustee capacity. These items are disallowed as having no bearing on the trust administration. The fact that the actions were initiated by a beneficiary of this estate does not warrant a charge against the estate generally.

The settlement of the so-called Durham suit is approved.

The miscellaneous items of real estate office expense are disposed of in accordance with the agreement reached in conference and confirmed by letter of the trustee's counsel dated June 24, 1936.

None of the expenses of the original accounting proceeding will be charged to the trustee personally.

Commissions are to be computed as directed by the original decision which laid down a general rule. It is now agreed that yearly the trustee made such deductions for expenses and commissions as it deemed proper to take and as it considered to be authorized by law and then distributed the entire balance of income on hand to the beneficiaries. It reserved nothing to cover any possible additional claim to commissions which it might have had. It now seeks to have allowed to it a five per cent charge on gross rents between 1923 and 1929. In this interval it took only two per cent on the rent collected believing (until the decision in *Matter of Brennan*, 251 N. Y. 39, in May, 1929) that it had no right to the five per cent charge on rents under a net lease. The objectants assert a waiver by the trustee and the court holds in the circumstances here that the trustee cannot trench on current income to reimburse itself for commissions on past years' rentals for which it kept no reserve. To rule otherwise would be to expose income beneficiaries to the hazard of complete loss of income while a fiduciary is appropriating to itself all that it currently receives in order to cover a past oversight on its part. Having distributed annually all the money in its hands the trustee is foreclosed from receiving anything further for commissions on income in such years.

The result stated is based on waiver and estoppel and hence the trustee is bound only to the extent necessary to preserve the position of the income beneficiaries. They cannot use the waiver and estoppel to work an injustice to the trustee. The right to the five

per cent charge on rents existed and any deductions for management expense during these years will be held applicable to that charge up to but not exceeding the five per cent. Thus the trustee's position will be protected so far as its waiver and the estoppel permit.

In computing net rents for the purpose of ascertaining the base for normal commissions, the five per cent charge on gross rents must be deducted.

All other objections not specifically dealt with are overruled.

Submit, on notice, decree settling the accounts accordingly.