In the Matter of the Accounting of NEW YORK TRUST COMPANY, as Trustee under the Will of CORTLANDT F. BISHOP, Deceased.

Surrogate's Court, New York County, December 28, 1948.

714

*William Fitzgibbon* for trustee, petitioner.

*John B. Doyle* for Amy B. Bishop and another, respondents.

*George W. Martin* for Home for Incurables, respondent.

*H. W. McDowell* for Memorial Hospital, respondent.

*Henry J. Kennedy* for Columbia University and another, respondents.

*Shirley Falcke,* respondent in person.

DELEHANTY, S. Deceased was fiduciary of the estate of Matilda W. White. When he died his executors accounted for his actions as such fiduciary. In that accounting proceeding claims in very large amount were made against deceased by reason of his alleged fiduciary misconduct. In due course the parties reached a settlement and in the White estate accounting a decree approving the settlement was made by the coordinate branch of this court subject to like approval of the settlement being sought and obtained in the Bishop estate pending in this branch of the court. Such approval was sought thereafter and was obtained. A corporate fiduciary now acting as trustee under the will of this deceased obtained its letters of trusteeship on the date of the settlement stipulation made in the White estate but it did not appear in the proceeding in that estate. However, it did appear in the proceeding instituted later in the Bishop estate and made no objection to the settlement which this branch of the court approved. The decree in the Bishop estate approving the compromise was made on July 6, 1938.

Thereafter, two beneficiaries of the trust created by the will of deceased initiated in the Supreme Court an action sounding in tort and demanding damages against the corporation and its attorney for inducing the plaintiffs, by false representations, to assent to the compromise and settlement which, as already noted, had been reduced to writing before the corporation qualified in this estate as a fiduciary. The complaint sought money damages only and sought such damages for the sole benefit of

■■■■■■■■■■■■■■■■

the individuals who were the plaintiffs. The case was tried as an action at law before a jury. At the conclusion of the plaintiffs' case the complaint was dismissed upon the merits and thereafter a judgment for costs to the defendants was entered.

Now the corporate fiduciary in its *fiduciary* character has come in and accounted for the trust erected under the will of deceased. In the account it has reported as paid by it and as charged to the capital of the trust estate all of the legal expenses which it incurred in its *corporate* defense of the action brought against it in such *corporate* character. The beneficiaries of the trust — they were the plaintiffs in the tort action — object to the charge to the trust of any part of the legal expenses so incurred. *

The trustee relies for its defense of the charge of its expenses against the trust estate on those cases which permit indemnification of a trustee held liable in damages for injury to person or property by reason of a tort committed in the operation or management of the trust *res* (*Matter of Lathers*, 137 Misc. 226). In that case Surrogate limited reimbursement to a situation where the trustee was found to be without personal fault. The distinction between such allowances and the right to recoup from a trust estate expenses incurred in a strictly *corporate* capacity is pointed out in *Matter of Byrnes* (160 Misc. 895).

Unless such a line of demarcation is observed estates would be subjected to burdens which they should not bear. The status of a corporation or of an individual as fiduciary and the status of a lawyer as attorney for a fiduciary does not constitute a shield for personal wrongdoing. When effort is made to obtain indemnification from a trust estate, the verdict of a jury in the personal action does not conclude the trust. A failure of a plaintiff in such an action might well be due to limitation upon admissibility of evidence, to inaccessibility of witnesses or to failure of proof for other reasons.

The claim asserted in the complaint against the corporation and its counsel was a claim of personal wrongdoing. The damages sought were sought exclusively for the benefit of the plaintiffs. In no aspect of the litigation was the trust estate concerned. It could not benefit by the litigation since any recovery would be for the individual benefit of the plaintiffs. The trust

---

* The attorney who was exonerated by the jury verdict is not mentioned in the account as having been paid anything by way of reimbursement. He has not requested reimbursement in this proceeding.

■■■

estate should not suffer detriment merely because of the fact that the corporation sued as such and the attorney sued as an individual were respectively the fiduciary of the trust and attorney for the fiduciary.

It may be argued, of course, that but for the fact that the corporation became a fiduciary it would not have been charged with the false representations and it equally may be argued that but for the attorney's eventual status as attorney for the fiduciary he would not have been sued. Like hazards of baseless attacks on individuals are commonplace. The cost of defending baseless actions is a risk in many lines of endeavor. Under our system of administering justice it has been deemed better not to give to successful litigants a right of indemnification, by way of costs, for the full burden of a successful prosecution or a successful defense of an action. That system has undoubtedly left successful litigants often without remedy for expenses imposed upon them. But that hazard is a general hazard. It does not contain an exception in favor of individual fiduciaries or of corporations who are authorized to become fiduciaries or in favor of lawyers who serve either of them.

An analogy may be found in the cases which deal with public officials who are sued or who because of charges of misconduct incur expenses in defending themselves. As the Court of Appeals said in *Matter of Chapman* v. *City of New York* (168 N. Y. 80, 86) : " When a citizen accepts a public office he assumes the risk of defending himself against unfounded accusations at his own expense." Such risk inheres in business and fiduciary obligations generally. An analogy may also be found in *People ex rel. Underhill* v. *Skinner* (74 App. Div. 58) where the court said that a school committee could not be indemnified at the expense of the community when called on to defend its actions. In *Colvin* v. *Bryant* (172 N. Y. S. 738, affd. 191 App. Div. 939) a justice of the peace was refused indemnity at public expense for the cost of successfully defending an action for false imprisonment. So too in *Buckley* v. *City of New York,* (264 App. Div. 116, affd. 289 N. Y. 742) a city official who incurred expenses in defending himself in civil actions relating to his investments of funds deposited under court order was denied reimbursement.

Every consideration now urged as a basis for charging the trust estate for the expenses incurred has been given consideration in the cases to which citation is made. All these considerations have been rejected because of the overmastering considerations to the contrary.

On the authorities cited, the court sustains the objection and disallows the charge as a charge to the trust estate.

Submit, on notice of one day, decree settling the account in accordance with this and the prior decision of the court.