Maurice Wahl, J.
This application to withdraw approximately 50% of the remaining funds on deposit for the use and benefit of the infant is in all respects denied.
The original settlement netted his infant $1,051.67 ($1,750 gross settlement, less fees, etc.). Thereafter, by previous order of this court, made December 10,1965 by Judge Louis I. Kaplan, $200 was withdrawn for the infant’s use.
There is now left the sum of $880.19 on deposit. The mother’s petition states she and the infant just returned from Puerto Rico — no statement as to where the transportation money came from nor the living expenses; that the mother is getting employment; that her husband has abandoned her; that the infant needs ‘ ‘ various clothing and shoes for the winter months as well as for the coming summer months, * * * requires the sum of $400.00 ”.
This request represents approximately 50% of the remaining funds belonging to the infant
*172 This subject has been extensively written about by the courts (Zambrana v. Railway Express Agency, 11 Misc 2d 553, the authorities therein cited; Matter of Stackpole v. Scott, 9 Misc 2d 922). In the last analysis these funds are for the hurt and injury sustained by the infant. They are not community property for family use. The reasons assigned here are neither novel nor compelling, viz.: lack of income. It is the parents’ obligation to support their children; and if unable, then upon proper showing Welfare may be able to help. Surely this court cannot reconcile this request with the apparent trip to Puerto Rico. Rather, that expense should have been applied as family income to support this child. It is a mistaken notion that this infant’s money can be handed out to the family; and when the infant reaches majority turn over to him a batch of receipts or outgrown clothes. This must be supplied by the parents.
Finally, the observation of Judge Cuff in Gaffney v. Constantine (87 N. Y. S. 2d 131, 132) is apt: “ An infant cannot be required to buy his own clothing out of money awarded to him for injuries he sustained. This court is the guardian of that child’s funds and when the child reaches twenty-one, he has a right to expect to receive the money awarded him for his injury with interest and. not a bundle of court orders showing that .his funds were spent for ordinary necessities of life which others were obligated by law to furnish to him.”
It is high time for our courts to enforce this rule of law; and not to perfunctorily grant these applications. At bar, had the traveling expenses to Puerto Rico been applied for this obligation to feed and clothe this infant, this application would be unnecessary. Parents may not so lightly disregard their legal obligations.
The Clerk of this court is hereby directed to notify, by appropriate method, the Century National Bank & Trust Company, 1372 Broadway, New York City, of the denial of this application ; and no further application shall be submitted to any other court or Judge without a full disclosure of this application and the reasons for its denial.