98 N.J. Super. 181 (1967)
236 A.2d 416
ESSEX COUNTY WELFARE BOARD, A CORPORATE ENTITY OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
MICHAEL HELLAMS, AN INFANT THROUGH HIS GUARDIAN LOUISE HELLAMS, DEFENDANT.
Superior Court of New Jersey, Essex County Court, Probate Division.
Decided November 16, 1967.
*183 Mr. John A. Matthews, Jr., Counsel to Essex County Welfare Board, Felix A. Martino, Legal Assistant, for plaintiff (James E. Abrams, Surrogate of Essex County).
Mr. Eldridge Hawkins, of the Newark Legal Services Project, for defendant.
SCHAPIRA, J.C.C.
This is a suit for reimbursement to the Essex County Welfare Board of welfare funds advanced on behalf of defendant Michael Hellams, an infant, N.J.S.A. 44:10-4, 7-19, and for an order directing Louise Hellams, his guardian, to make repayments for future advancements, or in the alternative, to provide for Michael's full support directly.
From June 13, 1960 Michael has received payments from the welfare board under the Aid to Dependent Children Program, N.J.S.A. 44:10-1 et seq., totaling $4.229.40. On June 28, 1963 he was awarded $9,000 under a settlement for personal injuries suffered from a fall, $3,573 of which remained after disbursements and was placed in trust for him with Louise Hellams as trustee, N.J.S.A. 3A:6-17. Michael is still receiving assistance from the welfare board. The board seeks restitution of welfare funds heretofore advanced, relying on N.J.S.A. 44:7-19 and 44:10-4 and contending that the trust account is money subject to reimbursement.
The first section of the statute upon which plaintiff relies, N.J.S.A. 44:10-4, is inapposite. It provides only that after any parent of a child receiving assistance executes a written promise to repay past assistance, plaintiff may take action upon breach of that promise. No promise to repay is alleged here. While the section does permit execution *184 of a promise to repay from funds anticipated by the recipient as a condition of continuation of eligibility, it neither requires nor permits the court to order such future repayments on prospective assistance without the prerequisite contract to repay.
Plaintiff also relies on N.J.S.A. 44:7-19, a section which relates to old age assistance, since the statute providing for aid to dependent children is "administered in accordance with and governed by the requirements, conditions, limitations and procedures similar to those established by [section 19]." N.J.S.A. 44:10-2. When "needy dependent children" is substituted in N.J.S.A. 44:17-19 for "those receiving old age assistance," it would initially provide that the welfare board may obtain or compel parents of children receiving welfare to render assistance, or the board may contract with such parents for the support of that child when the parents are willing and able to give such support. The section would further provide that if an able parent fails to perform the order of the board to support the child, this court may, after obtaining the written certification of the welfare board's director ordering the appearance of the parent and inquiring into the cause of the failure to comply with the order, adjudge the parent responsible for the support of the child. The court may then order said person to pay such sum as the circumstances require. The latter provision is applicable here only insofar as the prayer that Louise Hellams be required to provide future support, but there is no allegation that she is able to provide such support. This provision is of no aid to the welfare board as to its alternative prayers for relief.
The final clause of N.J.S.A. 44:7-19 provides that the welfare board may bring "appropriate action * * * to recover any sum of money due for assistance given any person under this chapter against such person." (Emphasis added). In interpreting this clause, it must be reconciled and harmonized with the preceding clauses of the section. The effectuation of the legislative will "of necessity calls *185 for an accommodation of apparent conflicts to advance the essential statutory policy, giving to each clause a meaning not in opposition to the related provisions." In re Huyler, 133 N.J.L. 171 (Sup. Ct. 1945). "Such person" refers to any person described earlier in the section, i.e., relatives and other persons chargeable by law with the support of the child. It does nothing more than permit the welfare board to institute such suits for recovery against them, and then only after it has followed the procedure set out earlier in the section by compelling or contracting with them for the child's support. To read the last clause in isolation as an independent remedy against the child himself would be to take it completely out of context.
But even if the statute could be construed to authorize the relief sought by the welfare board, the court denies that relief by adopting the reasoning and philosophy as expressed in the case of Application of Woods, 32 Misc.2d 745, 222 N.Y.S.2d 903 (Sup. Ct. 1961), where the court was presented with a nearly identical factual pattern. There the infant defendant, who had been receiving the cost of his care and maintenance from the director of public welfare, received $30,000 under a settlement for personal injuries, and that amount was deposited in the name of the infant. The director petitioned for an order directing the mother to pay $3,514 from the funds of the infant to reimburse the Welfare Department for its expenditures for the infant. The New York statute permitted the welfare board to bring an action against an infant receiving assistance who has any real or personal property in order to "recover the value of [that] assistance." Social Welfare Law, §§ 101, 104 (52A McKinney's Consol. Laws of N.Y. c. 55, 1966). The court held that the damages could not be used to reimburse welfare, noting that:
"The infant's money was awarded to compensate for his pain, his suffering, and his incapacity occasioned by the accident, not to purchase necessaries for him during his minority. * * * When that money is withdrawn to purchase necessities, it is being misapplied. *186 [DeMarco v. Seaman, 157 Misc. 390, 283 N.Y.S. 697.] * * * [T]he communal responsibility in the sense of public welfare, should not be permitted to be shifted to this infant, because, fortuitously, he was gravely physically injured and was successful in now having on hand what the family might consider a financial windfall. [Leon v. Walker, 1 Misc.2d 219, 147 N.Y.S.2d 331.]" (at p. 906)
Even when such a child reaches 21 he has a right to expect to receive the money awarded to him for his injury with interest and "not a bundle of court orders showing that his funds were spent for the ordinary necessities of life which others were obligated to furnish him." Gaffney v. Constantine, 87 N.Y.S.2d 131, 132 (Sup. Ct. 1949).
Judgment is accordingly entered for defendant.