103 N.J. Super. 438 (1968)
247 A.2d 491
ESSEX COUNTY WELFARE BOARD, A CORPORATE ENTITY OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
MICHAEL HELLAMS, AN INFANT THROUGH HIS GUARDIAN, LOUISE HELLAMS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 28, 1968.
Decided November 8, 1968.
*439 Before Judges SULLIVAN, FOLEY and LEWIS.
Mr. Felix A. Martino argued the cause for appellant (Mr. John A. Matthews, Jr., attorney).
Mr. Eldridge Hawkins argued the cause for respondent (Annamay T. Sheppard, of counsel).
PER CURIAM.
The trial court, in an opinion reported at 98 N.J. Super. 181 (Cty. Ct. 1967), held that the Essex County Welfare Board was not entitled to repayment of welfare funds advanced for the support of the infant defendant herein out of a trust fund bank account representing the net proceeds of the settlement of a personal injury claim of said infant.
We affirm, but solely on the ground that the Welfare Board did not obtain a written promise to repay, from the funds anticipated, the amount of assistance to be granted. N.J.S.A. 44:10-4; see Francis v. Harris, 100 N.J. Super. 313 (Law Div. 1968), affirmed 103 N.J. Super. 440 (App. Div. 1968). The provisions of N.J.S.A. 44:7-19 authorizing the Welfare Board to bring appropriate action to recover moneys due for assistance given any person, insofar as assistance given a dependent child is concerned, must be read with the provisions of N.J.S.A. 44:10-4, supra.
"All other income and resources of the dependent child" shall be taken into consideration by the Welfare *440 Board in determining the child's need for financial assistance. N.J.S.A. 44:10-3(c). However, repayment of assistance granted to a needy dependent child, from funds received by the child, shall be had in accordance with N.J.S.A. 44:10-4.
Affirmed.