Lettie B. Henderson, Plaintiff-Appellant, v. Illinois Department of Public Aid, Harold O. Swank, Director of the Illinois Department of Public Aid and David L. Daniel, Director of the Cook County Department of Public Aid, Defendants-Appellees.

Gen. No. 54,317.

First District, Second Division.

June 23, 1970.

Rehearing denied July 15, 1970.

Gordon H. S. Scott, John Henry Schlegel, and William Wagner, of Chicago (Lorelei Borland, of counsel), for appellant.

William J. Scott, Attorney General of State of Illinois, of Chicago, and Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Daniel P. Coman, Chief of Civil Division, Francis T. Crowe and A. Zola Groves, Assistant Attorneys General, and Thomas E. Brannigan and James A. Rooney, Assistant State's Attorneys, of counsel), for appellees.

MR. JUSTICE BURKE delivered the opinion of the court.

This action was brought to review a determination by the Illinois Department of Public Aid that the welfare assistance grant of plaintiff be reduced in an amount to reflect the deletion of Donna Henderson, one of plaintiff's minor children, from plaintiff's budget. The Department ordered the deletion on the ground that the child had resources available for her current support in the form of an account which arose out of the settle-

ment of a personal injury action. The court affirmed the determination of the Department of Public Aid, and plaintiff appeals.

Plaintiff is the mother of nine minor children and is the recipient of welfare assistance under the Aid to Families with Dependent Children Program. Her daughter, Donna Henderson, 12 years of age, was included in the assistance grant to plaintiff. Donna sustained an eye injury in 1968, suit was filed on her behalf, and the case was settled for the amount of $1,500. On order of the Circuit Court, the funds, less certain costs and fees, were deposited in Donna's name in a savings account in a savings and loan association, with the provision that the funds be distributed to her upon her attaining majority or upon further order of the court.

On August 8, 1968, plaintiff received a notice from the Department of Public Aid to meet her caseworker at the Court on August 13, 1968, to petition for an order to withdraw the funds in Donna's account on a week-to-week basis for Donna's current support. Plaintiff appeared with counsel and refused to cooperate. The Department thereupon reduced plaintiff's welfare assistance grant by an amount equal to Donna's pro-rata share of the grant. Plaintiff was notified of this decision on September 26, 1968, and was given further details thereof on October 3, 1968. Plaintiff filed her appeal from that determination.

At the hearing on plaintiff's appeal held before a hearing officer from the Department of Public Aid, the Department maintained that Donna's fund was an available resource, which could be used for her current maintenance and support, in accordance with the provisions of the Illinois Public Aid Code. Plaintiff, through her counsel, contended first that the fund should not be so regarded, and secondly, that the fund should be set aside for Donna's future education. In support of the latter

contention, a letter was introduced purportedly composed and signed by Donna's sixth-grade teacher, asserting that Donna was "college material and should take this training beyond her high school education." Neither plaintiff nor Donna, both of whom were present, testified at the hearing. Plaintiff's counsel admitted that Donna's academic achievement had declined over the last year but that this was probably due to the injury from which the settlement was obtained.

The hearing officer found that Donna was "potential college caliber," but recommended that the determination of the Department be upheld. The hearing officer's decision was approved by the Director of the Department of Public Aid. Plaintiff thereupon filed this action for administrative review; the trial court affirmed the determination of the Department and plaintiff prosecutes this appeal.

Section 4–1.6 of the Illinois Public Aid Code (Ill Rev Stats 1967, c 23, par 4–1.6) provides:

> "Income available to the family, or to the child in the case of a child removed from his home pursuant to Section 4–6, when added to contributions in money, substance or services from other sources, including income available from parents absent from the home or from a step-parent, contributions made for the benefit of the mother or other persons necessary to provide care and supervision to the child, and contributions from legally responsible relatives, must be insufficient to meet the basic maintenance needs of the family or the child, as the case may be, as defined by standards established by the Illinois Department.

> "In considering income to be taken into account, consideration shall be given to any expenses reasonably attributable to the earning of such income.

The Illinois Department may also, subject to such limitations as may be prescribed by federal law or regulation, permit all or any portion of earned or other income to be set aside for the future identifiable needs of a child. If federal law or regulations permit or require exemption of other income of recipients, the Illinois Department may provide by rule and regulation for the exemptions thus permitted or required."

Plaintiff maintains that damages recovered for a personal injury to a minor child are not available as a resource to be used for the current support of that child, within the terms of the statute. It is argued that the recovery is not a "contribution . . . from other sources," since it is a payment by way of reparation rather than a payment by way of alimony, child support, or other sums one is legally obligated to pay. It is further argued that the recovery is not "income available to the family" since a personal injury recovery cannot be considered "income" nor can it be considered available to the family of the injured party.

██ An analysis of section 4–1.6 of the Public Aid Code reveals that a minor's recovery for personal injuries is available as a resource which may be used to meet that minor's current needs. The statute first sets forth the resources which should be taken into account in determining whether those resources are sufficient to meet the basic needs of the family or child under consideration for assistance. These resources are defined generally as, "[i]ncome available to the family . . . when added to contributions . . . from other sources. . . ." This broad definition of resources to be considered is then stated to include such specific items as income available from parents, contributions made for the benefit of the mother or other persons necessary to provide

care and supervision to the child, and contributions from legally responsible relatives. Although the statute does enumerate specific items to be considered, it does not purport to limit the resources to those actually enumerated. Further, the items enumerated in the statute include contributions voluntarily made and those involuntarily made, as is the case with a recovery for personal injuries. We are of the opinion that the trust fund which arose out of the personal injury settlement is a resource available for Donna Henderson's current maintenance and support.

The cases cited by plaintiff are distinguishable on their facts. In Essex County Welfare Board v. Hellams, 98 NJ Super 181, 236 A2d 416, the trial court held that the welfare agency could not claim reimbursement from the tort recovery fund of a minor recipient since an applicable statute required a written agreement to reimburse, whereas no such agreement had theretofore been entered. In DeMarco v. Seaman, 157 Misc 390, 283 NYS 697, an action by guardians to invade tort recovery trust funds of their minors to meet the current needs of the minors, the trial court held that the statute then in effect did not provide that the taxpayer should be relieved from welfare payments to injured minors who had recovered for those injuries. Finally, in Application of Woods, 32 Misc2d 745, 222 NYS2d 903, the welfare agency was not allowed reimbursement from the tort recovery funds of an injured minor welfare recipient since such was not allowed under an applicable statute. In the instant case, on the other hand, reimbursement is not being sought by the Department of Public Aid; further, section 4–1.6 of the Public Aid Code permits funds such as exist here to be considered in determining the need for assistance.

Plaintiff contends that the Department of Public Aid failed to meet its alleged statutorily imposed duty to as-

certain whether there existed with regard to Donna Henderson any future identifiable need to which the trust fund could be applied.

■■ The language of the second paragraph of the statute indicates that the legislature intended the Department of Public Aid to act in its discretion in this regard. In considering the income to be taken into account in determining need, the statute first requires the Department to consider the expenses required in earning such income, by use of the phrase, "consideration *shall* be given. . . ." (Emphasis supplied.) The statute then provides that the Department, subject to certain limitations not here applicable, *may permit* some or all of earned or other income to be set aside for future identifiable needs, indicating that the Department was given the power to act in this regard in its discretion. Finally, it is clear from a reading of section 4–1.6 in its entirety, the terms "earned or other income" as used in the second paragraph includes the resources available as defined in the first paragraph thereof.

■ The hearing officer and the Director of the Department of Public Aid found notable the desire of the plaintiff to have the fund set aside to meet the future college educational needs of her sixth-grade daughter, but nevertheless determined that the fund should be employed to meet the current needs of the child. It was determined that the current needs of Donna Henderson be met by the fund rather than by public funds. Contrary to plaintiff's contention, the Department of Public Aid did in fact make a determination as to Donna's future identifiable needs and, in its discretion, elected not to recognize that claim, the Department's determination in part reciting that the primary objective of the Public Aid Code is to provide aid to persons currently without assets or means of support. We are not disposed to disturb such a policy determination made by the Depart-

ment of Public Aid. See generally James v. Cook County Department of Public Aid, 126 Ill App2d 75, 261 NE2d 420.

For these reasons the judgment is affirmed.

Judgment affirmed.

McCORMICK, P. J. and LYONS, J., concur.