160 N.J. Super. 126 (1978)
388 A.2d 1321
IN THE MATTER OF GARY DOUGHTY, AN INFANT, THROUGH HIS GUARDIAN AND TRUSTEE, VERLIA DOUGHTY.
Superior Court of New Jersey, Appellate Division.
Argued November 29, 1977.
Decided December 16, 1977.
Reconsidered April 19, 1978.
Decided June 12, 1978.
*127 Before Judges LYNCH, BISCHOFF and KOLE.
Mr. Alan Y. Medvin argued the cause for appellant Doughty (Messrs. Horowitz, Bross and Sinins, attorneys).
Mr. Joseph P. Brennan, Jr., Legal Assistant, argued the cause for Essex County Welfare Board (Mr. William J. Tamburri, attorney; Ms. Susan J. Barone on the brief).
PER CURIAM.
This is an appeal from an order that the Essex County Welfare Board be reimbursed for welfare assistance, granted under the Assistance for Dependent Children Program, N.J.S.A. 44:10-1 et seq., from trust funds representing the tort recovery of the infant welfare recipient, Gary Doughty.
Since the birth of Gary in 1969 his mother, Mrs. Verlia Doughty, has been receiving welfare payments which in part represent assistance for the child. On July 7, 1972 Gary was hit by an automobile and sustained injuries. On May 4, *128 1973 a suit was instituted and on April 10, 1975 a judgment entered in favor of the infant for $14,750. After disbursements the remaining sum of $9,500 was deposited in a trust account for the infant with Mrs. Doughty as joint trustee along with the county surrogate. Subsequently the welfare board received its first notice of the fund's existence by a letter from the Bureau of Medical Care and Surveillance dated June 3, 1975. On June 17, 1975 a caseworker visited Mrs. Doughty and after discussing the matter Mrs. Doughty signed a standard agreement to repay form which allegedly was in compliance with N.J.S.A. 44:10-4(a). The agreement was that Mrs. Doughty would repay welfare assistance granted to Gary "during the period pending" the tort recovery. The repayment was to be made out of the funds received, ostensibly in consideration of assistance "to be paid."
Based upon "the agreement to repay" the welfare board sought reimbursement from the trust fund for assistance granted to the infant. At the hearing on the order to show cause why the board should not be reimbursed, Mrs. Doughty testified that she had not informed the welfare board of the accident or the filing of the suit because she took it for granted that they would find out once the child was in the hospital and Medicaid paid the bill. She admitted that afterwards when she signed the agreement she believed that Gary would no longer be eligible for welfare because of the money received from the accident. The trial judge found that Mrs. Doughty had a continuing obligation to inform the welfare board of any change in circumstances and was under an obligation to notify the board of the action at the time the suit was started. Therefore, it held that the agreement, signed soon after knowledge by the welfare board, sufficiently complied with N.J.S.A. 44:10-4(a) and the welfare board was entitled to be reimbursed $2,788 for assistance granted from May 4, 1973 (date of filing of suit) to date. We disagree and reverse.
A county welfare board may secure repayment of assistance payments made to a dependent child out of a personal *129 injury recovery in accordance with the plain terms of N.J.S.A. 44:10-4(a). Francis v. Harris, 100 N.J. Super. 313 (Law Div.), aff'd o.b. 103 N.J. Super. 440 (App. Div. 1969), cert. den. 53 N.J. 227 (1969). Section (a) of the statute provides:
(a) Whenever any parent or relative with whom a child is living applies for or is receiving assistance for such child pursuant to this act, and it appears that there is pending a payment to the child or to either or both his parents of funds arising from a claim or interest legally or equitably owned by such child or by either or both his parents, the county welfare board may, as a condition of eligibility or continuation of eligibility for such assistance, requires such parent or parents to execute a written promise to repay, from the funds anticipated, the amount of assistance to be granted. Upon any refusal to make repayment in accordance with such promise, the county welfare board may take all necessary and proper action under the laws of this State to enforce such promise, and the granting or continuing of assistance, as the case may be, shall be deemed due consideration therefor.
In Essex Cty. Welfare Bd. v. Hellams, 103 N.J. Super. 438 (App. Div. 1968), we affirmed a denial of assistance reimbursement from the proceeds of an infant's personal injury claim solely on the ground that the welfare board had not obtained a written promise to repay, from the funds anticipated, the amount of assistance to be granted. There we noted that although N.J.S.A. 44:7-19 authorizes a welfare board to bring an appropriate action to recover moneys due for assistance given any person, repayment of assistance granted to a needy child from funds received by the child can only be had in accordance with the provisions of N.J.S.A. 44:10-4. 103 N.J. Super. at 439-440.
The present case is not unlike Hellams, supra, except that here the welfare board secured an agreement as prescribed by N.J.S.A. 44:10-4(a) after the fund had been received and after all assistance granted while the claim was pending had been paid. Such an agreement made after the fact can have no force and effect and is not valid. On its face it has little relevance to the actual state of events at *130 the time. The promise to repay is a condition of initial or continuing eligibility and the granting or continuing of assistance is deemed the due consideration for giving such promise. The statute makes no provision for repayment, from an already realized claim, of past received assistance as a condition for continuation of assistance. Once such a fund is received it is considered "other income and resources of the dependent child" to be taken into consideration by the welfare board in determining the child's need for future financial assistance. N.J.S.A. 44:10-3(c); Essex Cty. Welfare Bd. v. Hellams, supra, 103 N.J. Super. at 439-440. Therefore, whether or not Mrs. Doughty agreed to repay past assistance would not assure her of continued eligibility. Moreover, the agreement she signed was not to that effect and it only recited that she promised to repay assistance "to be paid" during "the period pending" her receipt of the funds.
The trial judge found that Mrs. Doughty had an obligation to report the claim and her failure to do so was the cause of the agreement's tardiness. However, we are not persuaded this is a valid reason to disregard the plain terms of N.J.S.A. 44:10-4(a) and allow the welfare board repayment when it has not properly secured in advance a valid agreement to repay in accordance with the terms of the statute. Essex Cty. Welfare Bd. v. Hellams, supra. The statute makes no mention of an obligation to report a claim and only states that when "it appears that there is pending a payment to the child" a welfare board may secure an agreement to repay. (Emphasis supplied).
The order directing Mrs. Doughty to reimburse the welfare board is reversed.[1]
NOTES
[1] After rendition of our decision in this matter we granted the motion of the Essex County Welfare Board for rehearing. The motion was based upon a contention that in our decision we failed to consider the amendment to N.J.S.A. 44:10-4(a), effective July 1, 1977. We hold that said amendment does not affect our decision herein for it became effective after the events involved and is prospective only.