OPINION OF THE COURT
Gerard M. Weisberg, J.
The claim of Jessica Lockwood for medical malpractice was the subject of a settlement proceeding before this court which resulted, inter alia, in the depositing of $200,046.30, divided *973 among several bank accounts, to the joint credit of Elizabeth Lockwood, as mother and natural guardian of the infant claimant, and various bank officers. (See CPLR 1206, 1207 and 1208.) These bank accounts earned interest during the year 1978 giving rise to Federal and State income tax liability. The present application is for withdrawal of funds to pay for taxes already accrued and to pay estimated taxes which will become due at quarterly intervals during 1979 to 1980. Included in this request is an application to apply the infant’s funds to the payment of a $35 penalty which resulted from failure to pay estimated Federal income tax during 1978.
The court’s instructions relative to the disposition of the funds paid upon settlement of the instant claim were both detailed and comprehensive. The purpose to be served by the particular disposition chosen by the court was to make certain that these proceeds would be preserved and applied to the infant’s welfare as the need arose and for no other purposes. An application to this court is therefore a necessary prerequisite to any withdrawal of the money on deposit.
The court must scrutinize closely any application for withdrawal and must be satisfied that the proposed expenditure relates to a legitimate need or liability of the infant alone. (Leon v Walker, 1 Misc 2d 219.) The proceeds are not available for payment of legal or moral parental obligations during the child’s minority. (See Matter of Stackpole v Scott, 9 Misc 2d 922.) The tax liability for which withdrawal of funds is sought is solely the result of interest accrued upon the bank accounts established pursuant to the court’s order. This constitutes sufficient justification for allowing recourse to such funds to offset the tax liability. This is clearly not a debt which the parents in their individual capacities should be required to pay.
Ordinarily, a trustee has the duty of paying taxes accrued by the trust principal, but will be entitled to reimbursement. (Chemical Bank & Trust Co. v Ott, 274 NY 572, rearg den 274 NY 636; Matter of Kidd, 161 Misc 631; Matter of Ahrens, 275 App Div 588, 603, affd 301 NY 701, mots to amend remittitur den 302 NY 631, 303 NY 637.) Mrs. Lockwood, though the trustee in form of said accounts, does not in actuality function actively as a trustee. Consequently, in this case recourse should be had to the funds in the first instance.
The failure to pay estimated Federal income tax for 1978 resulted in a penalty being assessed for which application is *974 similarly made to charge the funds of the infant. The assessment of a penalty resulting from the negligence or other misfeasance of a trustee in failing to pay taxes in a timély fashion ordinarily does not justify application of trust funds to the debt, and the trustee himself will be liable. (Matter of Carlisle, 261 App Div 1097; Matter of Byrnes, 159 Misc 302, mod 160 Misc 895; Matter of Smith, 123 Misc 69.) By way of excuse, Mrs. Lockwood offers her ignorance of the law requiring payment of estimated tax. Historically, courts have been highly unsympathetic to assertions of ingorance of the law, despite the fact that viturally everyone is guilty of this particular sin to some degree. There are however substantial reasons for accepting Mrs. Lockwood’s excuse at this time. Federal income tax law is a complex subject which challenges the capabilities of even those professionals most familiar with it. Mrs. Lockwood consulted an accountant at the end of 1978 and for the first time learned of the estimated tax requirement. She then acted diligently in retaining her present attorneys. Under these circumstances, the court excuses her mistake and holds that the infant’s funds may be withdrawn to pay the penalty.
Finally, we would note for the guidance of the Bar generally that in cases where the infant’s share of the proceeds is likely to have income tax consequences, a not uncommon occurrence today, attorneys should advise infants’ representatives arid in appropriate cases, the infants themselves so that they may act timely on their own behalf or with professional assistance. Otherwise, severe penalties could ensue when the lapse is of any significant duration. We believe that this course would be in conformity with the spirit of canon 6 of the Code of Professional Responsibility.