178 N.J. Super. 243 (1981)
428 A.2d 930
BERTHA BRINKLEY, INDIVIDUALLY AND AS GUARDIAN AD LITEM OF KAREN ANN RAINEY, AN INFANT, PLAINTIFFS-RESPONDENTS,
v.
ROBERT LAROCHE ET AL., DEFENDANTS, AND ESSEX COUNTY DIVISION OF WELFARE, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 2, 1981.
Decided March 16, 1981.
*244 Before Judges SEIDMAN, ANTELL and LANE.
Nicholas T. Grosch, Assistant County Counsel, argued the cause for appellant (David H. Ben-Asher, Essex County Counsel, attorney; Allen Zaks, Assistant County Counsel, of counsel; Nicholas T. Grosch on the brief).
Edward M. Weisslitz argued the cause for respondents (Schechner & Targan, attorneys; Edward M. Weisslitz on the brief).
The opinion of the court was delivered by SEIDMAN, P.J.A.D.
The question posed in this appeal is the extent to which a county welfare agency may obtain reimbursement under a repayment agreement for aid granted to a dependent child from the proceeds of a tort recovery for personal injuries suffered by the child. A resolution of the question involves the construction of N.J.S.A. 44:10-4, the repayment provision of the act entitled "Assistance for Dependent Children," N.J.S.A. 44:10-1 et seq., as amended by L. 1977, c. 127, § 4.
The infant plaintiff in this case, as a dependent child, had been the recipient of benefits paid to her mother by the Essex County Division of Welfare since 1970. She was injured in an automobile accident in 1976 and a lawsuit to recover damages was instituted on her behalf against the alleged tortfeasors in February 1978. On April 20, 1978 the infant's mother signed an agreement in which she undertook to repay the Division "for that portion of any assistance so granted which may be paid *245 during the period pending my receipt of certain funds which are anticipated" by virtue of the claim for the injuries.
A settlement of the tort claim in the amount of $10,000 was approved by the court on March 5, 1980. Of that sum $7,254.45 was allocated to the infant subject to the joint control of her guardian and the Essex County Surrogate, and the balance to the payment of counsel fees and expenses and physicians' liens.
Prior to the entry of the judgment the Division filed a proof of claim with the court seeking reimbursement from the infant's share in the amount of $2,231.73, representing welfare benefits paid between April 1978 and February 1980. The proof of claim stated further that assistance was continuing at the rate of $134.66 a month. In a letter opinion the trial judge held that under his interpretation of N.J.S.A. 44:10-4 as amended in 1977 the Division was not entitled to reimbursement for any benefits paid prior to the date of the judgment. On the Division's objection to the form of the proposed judgment, the trial judge heard argument on the issue but reiterated the view previously expressed. The Division appealed from the pertinent portion of the judgment that was entered.
Plaintiff and the Division differ on whether the latter is entitled to reimbursement from the settlement for assistance paid from the date of the accident, as the Division argues on appeal, or, as plaintiff contends, only for assistance paid following the date of the judgment. Which position is correct turns on the meaning of N.J.S.A. 44:10-4(a) as amended in 1977. The pre-1977 and the amended version of section follow in pertinent part, with the amended one on the right:

*246
 Whenever any parent or relative Whenever any parent or relative
 with whom a child is living ... with whom a child is living ...
 is receiving assistance for such is receiving assistance for such
 child pursuant to this act, and child pursuant to this act, and
 it appears that there is pending it appears that there is pending
 a payment to the child or to entitlement to a payment to the
 either or both his parents of child or to either or both his
 funds arising from a claim or parents of funds arising from a
 interest legally or equitably claim or interest legally or
 owned by such child or by either equitably owned by such child or
 or both his parents, the county by either or both his parents,
 welfare board may, as a condition the county welfare agency may, as
 of eligibility or continuation a condition of eligibility or
 of eligibility for such continuation of eligibility for
 assistance, require such parent such assistance, require such
 or parents to execute a written parent or parents, or relative, to
 promise to repay, from the execute a written promise to repay,
 funds anticipated, the amount of from the funds anticipated, the
 assistance to be granted. amount of assistance to be granted
 [Emphasis supplied] from the date of entitlement to
 such payment.
 [Emphasis supplied]

The solution of the problem depends upon the apparent legislative intent in changing the words "pending a payment," which precede "of funds arising from a claim or interest," to "pending entitlement to a payment [emphasis supplied]," and also, in connection with the written promise to repay, in changing "the amount of assistance to be granted from the date of entitlement to such payment [emphasis supplied]." In either case, of course, the welfare agency is authorized to seek a written promise to repay a grant of assistance out of available funds derived from the child's claim. The problem is to determine the starting point of the benefits to be repaid.
In arguing that it should be reimbursed the amount of assistance paid from the date of the accident which gave rise to the claim, the Division relies on that which it conceives to be the plain meaning of "entitlement," i.e., a right arising from the accrual of the cause of action, the Public Assistance Manual and Falgiatore v. Atlantic City, 175 N.J. Super. 122 (Ch.Div. 1980). To plaintiff, the word "entitlement" relates to an actual fund created by settlement or judgment. Plaintiff claims that In re Jones Guardianship, 170 N.J. Super. 478 (App.Div. 1979), certif. den. 82 N.J. 290 (1980), supports her view.
*247 The case of Francis v. Harris, 100 N.J. Super. 313 (Law Div. 1968), aff'd o.b. 103 N.J. Super. 440 (1968), certif. den. 53 N.J. 227 (1969), sheds light on the issue. An infant was injured in September 1962; his grandmother, who cared for him, signed a repayment agreement two months later, and a grant of assistance began shortly thereafter. An award of damages was made to the infant in 1967, out of which nearly $5,000 remained after payment of expenses. The welfare board gave notice of its claim for benefits paid between the date of the agreement and the judgment. The court held that under N.J.S.A. 44:10-4 the welfare agency could secure repayment of assistance payments made to a dependent child out of a personal injury recovery. It said:
... [I]n the administration of the program [Assistance to Dependent Children] an uncollected tort claim vested in a dependent child is regarded as a potential rather than an actual resource and does not enter into budgeting or affect the amount of assistance to be granted to the child during the time when suit for recovery is pending, but ... is clearly looked upon as a source for repayment of the assistance provided while the claim is pending. After collection, the funds received, to the extent not used from repayment of assistance previously granted, are deemed to be resources to be considered in budgeting the needs of a child for assistance or as a factor which justifies the termination thereof.... [100 N.J. Super. at 319-320.]
Implicit in the foregoing is the recognition of the welfare agency's right to recoup assistance payments made prior to the infant's receipt of the funds. But it is also clear that the agency cannot claim reimbursement in the absence of a written promise to repay obtained from the parent or relative of the dependent child. Essex Cty. Welfare Bd. v. Hellams, 103 N.J. Super. 438 (App.Div. 1968). Whether the agency is entitled to reimbursement where the agreement is executed after the receipt of the funds and the payment of all assistance granted during the pendency of the claim was considered in In re Doughty, 160 N.J. Super. 126 (App.Div. 1978). We held there that the statute makes no provision for repayment from an already realized claim of past received assistance as a condition for continued assistance. However, the Administrative Code was revised thereafter to enable the welfare agency to pursue collection activity where information of the recipient's entitlement to *248 payment has been withheld and, except for such withholding of information, a valid agreement to repay would have existed or assistance would not have been granted. N.J.A.C. 10:81-3.41(e)(1). See Terry v. Harris, 175 N.J. Super. 482, 494 (Law Div. 1980).
Our Supreme Court agreed with the Francis holding in In re Jackson Estate, 79 N.J. 517 (1979). The court observed that while the statutory language did not specifically refer to a child's pending tort claim for personal injuries, "claim or interest" had always been administratively construed to include personal injury claims. Id. at 524. However, the court held that prior to the amendment in 1977 the reimbursement provision of the act was limited to the amount of assistance granted from the date of the agreement to repay. This was so because the statute in effect when the agreement was signed and the order for repayment entered by the trial court in distributing the proceeds of the tort judgment provided only that the written promise to repay be for "the amount of assistance to be granted [emphasis supplied]." But the court was careful to note in this regard that "the 1977 amendment to the Act has made a substantial change in this provision." 79 N.J. at 527, n. 3.
The change referred to was, of course, that the written promise to repay would encompass assistance to be granted from the date of entitlement to payment of "funds arising from a claim or interest" rather than from the date of the agreement to repay. The trial judge here was of the view that until there was an actual fund in existence the infant would not be entitled to the payment of "funds arising from a claim or interest." If his concept is the correct one, then the critical event would be not the accrual of the cause of action but the disposition of it by settlement or judgment. Yet both Francis and Jackson recognize that the fund so created constitutes simply the source of repayment of assistance granted while the claim was pending, although Jackson held that because of the wording of the *249 statute then in existence recovery could be had only for assistance paid after the date of the repayment agreement.
We do not discern in the 1977 amendment a legislative design further to restrict the ability of a welfare agency to obtain reimbursement for benefits paid. Rather, it is evident to us that the choice of the words "entitlement to a payment" and "entitlement to such payment" was intended to have the opposite effect. To limit reimbursement to benefits paid after the creation of the fund would negate the concept expressed in Francis and Jackson that the fund should be used to repay assistance granted while the claim was pending. Moreover, according to Francis, the funds received, to the extent not used for repayment of assistance previously granted, are resources to be considered in determining whether or to what extent assistance is to be continued. 100 N.J. Super. at 319-320. We agree with the construction given to the 1977 amendment by Judge Haines in Falgiatore v. Atlantic City, supra:
... The 1977 amendment to the statute added the references to "entitlement." Under plaintiff's theory this word and the new clause, "from the date of entitlement to such payment," would be entirely superfluous; the result to be obtained under the new legislation would be exactly the same as that obtained under the old. The Legislature cannot have intended to adopt an amendment which amounts to a useless gesture. Handleman v. Marwen Stores Corp., 53 N.J. 404, 413 (1969). Welfare instructions adopted to implement the statute call for the repayment of welfare monies from the date of the accident, not from the date of the agreement. Public Assistance Manual, "Resources & Repayments," N.J. Dep't of Human Services, Div. of Public Welfare, Transmittal Letter 7B17, § 395(a) (May 1979). This practical interpretation of the statute by the agency which must enforce its provisions is a legitimate source of legislative intent. State v. Resorts International Hotel, 173 N.J. Super. 290 (App.Div. 1980). The purpose of the statute also seems clear: to require a person, supported by welfare monies during a time of anticipated but unrealized income, to treat the assistance moneys as a loan which must be repaid when the income is realized. This arrangement satisfies the needs of the welfare recipient while protecting the public treasury. [175 N.J. Super. at 126.]
Plaintiff construes In re Jones Guardianship, supra, as suggesting that a welfare agency under the 1977 amendment is entitled to reimbursement only as of the date of the entry of a *250 friendly judgment. We cannot agree. In that case, the injury to the dependent child occurred in 1972. The repayment agreement was signed in 1974 and the claim was settled in 1976. The trial judge, on the welfare agency's petition for reimbursement out of the moneys in the hands of the surrogate, ordered reimbursement for assistance paid from the date of the friendly judgment. On appeal, another part of this court held that since Jackson applied to repayment agreements executed prior to the 1977 amendment, the reimbursement right of the welfare agency extended only to payments made after the date of the agreement. 170 N.J. Super. at 482. The court added, "Thus, the trial judge erred in prospectively applying the contrary provision of the 1977 amendment and ordering reimbursement from and after the date of the friendly judgment." Ibid. We do not infer from this statement that if the 1977 amendment applied, the court would have affirmed the order of the trial judge, although we detect an element of ambiguity in what the court said. Furthermore, to the extent the statement might imply an interpretation of the amendment contrary to ours it is dictum with which we would not agree.
We conclude that the trial judge erred in holding that the welfare agency's right to reimbursement attaches only from and after the entry of the friendly judgment.
Accordingly, so much of the judgment of May 2, 1980, as so limits the extent of reimbursement is reversed and the matter is remanded to the trial court for a determination, consistent with the foregoing, of the amount of reimbursement to which the Essex County Division of Welfare is entitled from the fund in the joint control of the child's guardian and the Essex County Surrogate (not including the amount of $2,100 reserved for future medical expenses). Jurisdiction is not retained.