0130

Eartha Lee ROBINSON, Appellant, v. SOUTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, Respondent.

(314 S. E. (2d) 349)

Court of Appeals

*Raymond S. Baumil*, of *Solomon, Kahn, Smith & Baumil*, Charleston, *for appellant*.

*Tana G. Vanderbilt*, Columbia, *for respondent*.

Heard Feb. 21, 1984.

Decided March 19, 1984.

SANDERS, Chief Judge:

This is an appeal from an order of the Circuit Court affirming the decision of respondent South Carolina Department of Social Services to reduce certain benefits being paid to the household of appellant Eartha Lee Robinson. We affirm.

The material facts here are not disputed.

Ms. Robinson is the recipient of public assistance benefits under the State's "Aid to Families with Dependent Children" (AFDC) program. This program is administered by the Department. One of Ms. Robinson's children was seriously injured and received a settlement in the net amount of $78,102.95. This amount was deposited in a bank account

under the supervision of the Charleston County Probate Court. The account is in the joint names of Ms. Robinson, as general guardian of the child, and a bonding company. Based on the existence of these funds, the Department removed the child from the AFDC budget allotted the Robinson household.

Section 43-5-130(a) of the 1976 Code of Laws of South Carolina requires that the Department take into account any income or resources of a child whose needs are being considered, when determining the AFDC benefits for that child. Subsection (b) of this Code section defines "income" to include "any benefit in cash which is in fact currently available to the individual." Subsection (c) repeats that: "To be considered in determining eligibility for, and amount of grant, income must, in fact, be currently available to the applicant or recipient."

Ms. Robinson argues the court erred in concluding the funds on deposit are "currently available" as provided by this Code section because they are being held subject to the supervision of the Probate Court. We reject this argument for the following reason.

It has long been recognized in this state that where a mother does not have sufficient means to support her minor child, the assets of the child may be resorted to for the purpose of providing proper support. *Rhode v. Tuten,* 34 S. C. 496, 13 S. E. 676 (1891).

Ms. Robinson testified she has no source of income for herself and her other children beyond the money she received from "the welfare." Thus it is apparent that she does not have sufficient means to support this child. She would therefore be entitled to use these funds for support of the child as a matter of law. The fact that she must receive approval from the Probate Court before doing so does not keep these funds from being "currently available."

Accordingly, the order of the Circuit Court is

Affirmed.

SHAW and BELL, JJ., concur.