Lucy DAHNER, Petitioner
and Appellee,

and

First Bank and Trust Company of
Bismarck, North Dakota,
Conservator,

v.

Michael P. DANER, Respondent
and Appellant.

Civ. No. 10915.

Supreme Court of North Dakota.

Oct. 1, 1985.

father, Michael Daner, opposed the motion.[2] Following a hearing, the court ordered the conservator, First Bank and Trust Company of Bismarck, to allocate a total of $200 a month for Cody's food ($50), clothing ($30), entertainment ($20), haircuts ($8), Christian school ($52), sports ($25), and miscellaneous expenses ($15). Michael appeals, arguing that the lower court erred in allowing invasion of the personal injury judgment, and in the alternative, that the court applied an incorrect standard in determining whether to invade the fund. We reverse and remand.

■■■ The issue of disbursement of a minor's personal injury judgment is one of first impression in this State. Unlike traditional trusts and estates, which are meant to be reasonably expended as warranted on behalf of the minor, an award for personal injuries is generally left intact pending the child's becoming of age:

"... In the last analysis these funds are for the hurt and injury sustained by the infant. They are not community property for family use. ... It is the parents' obligation to support their children; ...

"... 'This court is the guardian of that child's funds and when the child reaches twenty-one, he has a right to expect to receive the money awarded to him for his injury with interest and not a bundle of court orders showing that his funds were spent for ordinary necessities of life which others were obligated by law to furnish to him.'" *Caben v. Lonkey,* 53 Misc.2d 171, 278 N.Y.S.2d 439, 440 (Civ. Ct.1967), quoting *Gaffney v. Constantine,* 87 N.Y.S.2d 131, 132 (Sup.Ct.1949).[3]

Orell D. Schmitz, of Wheeler, Wolf, Peterson, Schmitz, McDonald & Johnson, Bismarck, for petitioner and appellee Lucy Dahner.

Thomas Dickson, of Lundberg, Conmy, Nodland, Lucas & Schulz, Bismarck, for conservator.

William J. Daner, Bismarck, for respondent and appellant.

VANDE WALLE, Justice.

This appeal is taken from a county court's order allowing disbursement of proceeds from a previous award for personal injuries to a minor, Cody Daner. Cody's mother and legal guardian, Lucy Dahner, petitioned the county court for an order allowing the conservator of the funds to disburse $400 a month for Cody.[1] Cody's

---

**1.** The conservator filed the initial petition, which had a letter attached to it from Lucy requesting disbursement by the conservator. Following Michael's objection to the petition, Lucy submitted her own petition for the disbursement. The court granted the conservator's motion to withdraw the first petition and acted on Lucy's petition for disbursement. Section 30.1–29–24(3)(v), N.D.C.C., allows a conservator to disburse funds without obtaining permission from the court, although of course nothing prevents the conservator from requesting a court order as to the disbursement.

**2.** The spellings of the last names of Lucy Dahner, Michael Daner, and Cody Daner are correct. Lucy changed her name subsequent to the divorce.

**3.** See also *Essex Co. Welfare Bd. v. Hellams,* 98 N.J.Super. 181, 236 A.2d 416 (Essex Co.Ct.1967), *aff'd,* 103 N.J.Super. 438, 247 A.2d 491 (App.Div. 1968); *Application of Stackpole,* 168 N.Y.S.2d 495 (N.Y.Munc.Ct.1957); *Zambrana v. Railway Express Agency,* 11 Misc.2d 553, 175 N.Y.S.2d 486 (Sup.Ct.1956); *Piciullo v. New York & Queens Electric Light Co.,* 192 Misc. 938, 82

The application of this rule against invasion of the award is restricted by common sense. In situations of emergency, or in situations where no other alternative is reasonably available, disbursement of the award is allowed.[4] But such disbursement is limited to reasonable amounts necessary for the benefit of the child. And once the necessity to invade the award no longer exists, the court must discontinue distribution of the award.

■ In effect, the rules relating to disbursement of a personal injury judgment create a two-prong test that the lower court must apply. First, the court must determine whether it is necessary to invade the award. If so, the court may, in its discretion, expend or distribute sums reasonably necessary for the support, education, care, or benefit of the protected person. Because the allocation of funds is related solely to the benefit of the child, the award does not transform into community property.

Although the amount of distribution in this case may be reasonable and the items procured by the distribution may be necessary *to the child* (issues which we need not address), the lower court must first determine whether it is necessary to invade the child's estate. If invasion of the award is unnecessary, the best interest of the child is to leave the award intact and ensure that the funds reasonably necessary for the support, education, care, or benefit of the protected person are obtained by the alternative means.

■ The lower court, in its decision from the bench, failed to determine whether invasion of the award is necessary. Section 30.1–29–25(1)(b) provides for distribution of funds "reasonably necessary" for the support, education, care or benefit of the protected person. In discussing the extent of parental support, the court stated that "under the circumstances it appears that in some respects it may be minimal. However, the court has not heard all of the evidence relative to the various earning capacities of the parents of Cody." The court later stated that "the Court is going to look very closely at the reports that are submitted on an annual basis, to make sure that there is a maximum effort by the parents in supporting Cody."[5] Such a cursory examination as to the necessity of invading the award is insufficient. Moreover, the court's statements as to the "minimal" support provided by the parents tend to militate against invasion of the funds in that the parents may be able to provide more monetary support.

■ The county court has jurisdiction over the subject matter of this suit and authority to determine the appropriate distribution of Cody's estate. Section 27–07.-1–17(4), N.D.C.C.; Chapter 30.1–29, N.D.C.C. This court appreciates, however, the close interrelationship that exists between the duties of the district and county courts in matters which affect child support and the potential distribution of a minor's estate for generally the same purposes. The court also realizes that there are circumstances in which the county court's decision to allow invasion (or the discontinuance of an invasion) of the minor's estate will depend upon the district court's decision concerning child support. Such is the case here.

■ Regardless of what decision the county court makes as to disbursement of the funds, it should enunciate its findings of fact and conclusions of law on the

N.Y.S.2d 9 (Sup.Ct.1948); *De Marco v. Seaman,* 157 Misc. 390, 283 N.Y.S. 697 (Sup.Ct.1934).

4. See *Robinson v. S.C. Dept. of Social Services,* 281 S.C. 158, 314 S.E.2d 349 (1984); *Petition of Lockwood,* 99 Misc.2d 972, 417 N.Y.S.2d 638 (Ct.Cl.1979); *Franklin v. Newberry,* 77 Misc. 1042, 356 N.Y.S.2d 175 (Civ.Ct.1974); *In re Guardianship of Gospodarski,* 64 Misc.2d 429, 314 N.Y.S.2d 801 (Surg.Ct.1970); *Hyter v. Chil-*

*dren's Village,* 7 Misc.2d 1032, 166 N.Y.S.2d 667 (Sup.Ct.1957); *Gans v. Epstein,* 149 N.Y.S.2d 80 (Sup.Ct.1956); *Leon v. Walker,* 1 Misc.2d 219, 147 N.Y.S.2d 331 (Sup.Ct.1955).

5. Under these circumstances, where Michael is objecting to the award, we assume that the court will also require information on Michael's ability to support Cody.

record. The county court should also consider, at the time in which it rules to allow disbursement, whether replenishment of the estate will be required on the termination of the emergency situation or in the event of a future change in circumstances within a predetermined time. In the final analysis, the county court should always yield to the best interest of the child. For example, where it is necessary and appropriate to disburse the funds for treatment and support required due to the injury for which the funds were paid, disbursement is clearly proper. Because the lower court failed to determine whether invasion of the award is necessary, we reverse and remand to the county court.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.